BEDELL *vs.* HOFFMAN and others.

A bill of interpleader, strictly so called, is where the complainant claims no relief against either of the defendants, but only asks for leave to pay the money or deliver the property to the one to whom it of right belongs, and that he may thereafter be protected from the claims of both.

But a bill in the nature of a bill of interpleader may be filed to redeem and be let into possession of mortgaged premises.

And where from conflicting claims of the defendants the complainant is compelled to resort to such suit, he will be allowed his costs.

On a bill in the nature of a bill of interpleader, costs are not a matter of right, but rest in the discretion of the court.

Bills of interpleader should not be filed except in cases where the complainant can in no other way be protected from an unjust litigation in which he has no interest.

And where a bill of interpleader is unnecessarily filed, the complainant will not be allowed his costs out of the fund.

THE complainant gave a mortgage to H. Eckford to se-    May 4th.
cure the payment of $1800, in fact loaned from The Life
and Fire Insurance Company of New-York ; but which
Eckford negotiated as agent and took the securities in his
own name. Six hundred dollars of this debt was paid pre-
vious to the failure of that company. At the time of the
failure one note of $1200 remained unpaid, for which the
bond and mortgage of the complainant was held as security ;
and which note, together with the bond and mortgage and
certain other demands due to the company, had been assign-
ed to Josiah Barker, in trust and for the benefit of Jacob
Barker, to secure the latter for certain alleged claims of his
against the company. After the appointment of the receiv-
ers of that company, the amount due on the mortgage was
claimed by them from the complainant. Jacob Barker also
claimed the amount of the mortgage under the assignment to
him and offered if the complainant would pay him the mon-
ey to give the complainant ample security to indemnify him
against the claims of the other parties. The complainant de-
clined paying the money to Jacob Barker, and filed his bill
in the nature of a bill of interpleader in this cause against
Eckford, the receivers of the Life and Fire Insurance

Company, and the two Barkers; and prayed in said bill that the defendants might interplead and settle the right between themselves; that the note and bond and mortgage might be delivered up and cancelled upon his paying into court the amount due thereon; and that the proper parties might execute a discharge of the bond and mortgage in order to have the same cancelled on record. Eckford having no personal interest in the suit, suffered the bill to be taken as confessed against him. The receivers put in an answer, claiming the debt for the benefit of the creditors and stockholders of the company generally; and the Barkers by their answer claimed it as belonging to Jacob Barker under the assignment.

*F. B. Cutting,* for the complainant.

*M. Hoffman,* for the receivers.

*D. Selden,* for the Barkers.

THE CHANCELLOR. A bill of interpleader strictly so called is where the complainant claims no relief against either of the defendants, but only asks that he may be at liberty to pay the money or deliver the property to the one to whom it of right belongs, and may thereafter be protected against the claims of both. (*Milchell* v. *Hayne,* 2 Sim. & Stu. 63.) In such cases, the only decree to which the complainant is entitled, is a decree that the bill is properly filed; that he be at liberty to pay the funds into court and have his costs; and that the defendants interplead and settle the matter between themselves. But a bill in the nature of a bill of interpleader to redeem and to be let into the possession of mortgaged premises, may be filed. And in a case where the complainant had been obliged to resort to such a suit in consequence of the conflicting claims of the defendants, he was allowed his costs, contrary to the usual practice in suits to redeem. (*Goodrich* v. *Shoebolt,* Preced. in Chan. 333.) Costs in such cases however rest in the discretion of the court, and are not a matter of right; and where the complainant is in full possession of the mortgaged premises, and cannot be dis-

1830.

Bedell
v.
Hoffman.

possessed by an action at law in favor of either of the parties claiming the mortgage money, the party who has offered to receive the amount due and give an adequate indemnity, ought not to be charged with the complainant's costs, if in the end it appears he was in the right. The filing of bills of interpleader ought not to be encouraged; and they should never be brought except in cases where the complainant can in no other way protect himself from an unjust litigation, in which he has no interest. The defendants in this case were actually litigating their rights at the time this bill was filed. The complainant was in possession, and I do not understand that either party had commenced any proceedings against him. I think, therefore, that he should have awaited the result of the litigation already commenced, or have accepted the indemnity offered by one of the parties, and paid the money to him. The other parties are officers of the court, and ought not to be personally charged with costs, in any event, while they are acting in good faith; neither should the fund in their hands be subjected to the expense of useless litigation. The complainant must be relieved, but without costs.

It was proper to make Eckford a party for the purpose of having the mortgage properly cancelled, as it stood in his name, although in trust for one of the other parties. He had no interest in the suit, and did right in not making any unnecessary expense. No other decree can be entered against him, than to have satisfaction of the mortgage acknowledged by him, under the direction of the court. The mortgage must be discharged, and the bond and note given up and cancelled; and the money in court must remain to abide the final decision of the cause between the other defendants. It is perhaps not necessary to have any further proceedings between the defendants in this cause for the present, as their rights are in the course of litigation in another suit. The question of costs and all other questions and directions, as between them, must be reserved; with liberty to either to apply hereafter for an issue or a reference to settle those questions, if necessary, as they shall be advised.