## BIRD vs. FAKE and others.

1. INTERPLEADER. A bill of interpleader is maintainable only where the complainant claims no relief against either of the defendants, who claim of him the same debt or duty by different or separate interests or titles, and he is uncertain with which of the claims he ought to comply. In such case he may file a bill of interpleader and for leave to pay the money or deliver the property to whom of right it belongs and that he may be thereafter protected from the claims of both.

2. SAME. A bill of interpleader ought to be filed immediately after or before the commencement of proceedings at law, and should not be delayed until a verdict and judgment have been obtained; accordingly where such bill was filed after verdict and judgment obtained by one of the parties, and an injunction against the claims of each had been granted on the money being paid into court, the injunction was dissolved and the money applied to the payment of the judgment, notwithstanding the parties had come in, as the complainant had not satisfactorily accounted for the delay in filing the bill.

3. SAME. Where the complainant in a bill of interpleader stood a trial at law, and upon judgment being given against him, prosecuted a writ of error upon which the judgment was affirmed, and awaited a suit on the *supersedeas* bond before filing his bill, and did not give any reason for his delay in filing it, and the circumstances tend to show that he did

not consider himself solely in the light of a stakeholder, but rather as an adverse party resisting a recovery to the extent of the law; the bill should be dismissed.

4. SAME. In order to maintain a bill of interpleader the complainant must set forth and show in what particular way or manner each party asserts and may establish his liability to him and the nature and character of the claim made by each.

APPEAL from a decree of the District Court for *Dane* County.

The facts are fully stated in the opinion of the court.

*Collins & Sutherland,* for complainant.

*John Catlin,* for defendants *Fake & Cotton.*

MILLER, J. *Augustus A. Bird,* the appellant, by his bill of complaint represented that in the year 1839, the defendants, *James Morrison, Henry Fake* and *Lester H. Cotton,* entered into partnership in keeping and carrying on the American Hotel at Madison; that said partnership continued for about one year and during said term the complainant became indebted to said firm. That while the defendants were negotiating a settlement of the partnership concerns, and while said debt remained unpaid, it was agreed between the said defendants, that the amount of said debt should be set off to *Morrison,* and that it was charged in the accounts of said partnership to *Morrison,* as so much received by him out of the partnership funds, and that the said amount was allowed to the other defendants in said settlement; and that said sum or claim became vested in *Morrison.* Said complainant, under said belief, made an arrangement with *Morrison* in a business transaction, and placed in his hands security full and ample for said debt, which remains irrevocable and not voidable in law by complainant. Afterward *Fake & Cotton* commenced a suit at law for the recovery of said debt, and recovered a judgment therefor, which was affirmed in the supreme court, and that a suit had been commenced by said *Fake & Cotton* against complainant and his sureties, on the *supersedeas* bond filed, when the writ of error

was sued out, to recover the amount of said judgment; that said *Morrison* claims the amount of said judgment, as well as the said *Fake & Cotton*, and therefore prayed a decree of interpleader. The complainant brought into court the amount of said judgment. All the defendants filed their separate answers, *Morrison* claiming the money by virtue of said alleged transfer and arrangement, and *Fake & Cotton* denying the existence of any such arrangement, and claiming their right to the money as acting partners of the firm and as plaintiffs in the judgment. The suit was heard upon the bill and answers, and the bill was dismissed; and the court further ordered that the money in court be paid out upon the judgment of *Fake & Cotton*. It is the opinion of the court that this bill should not be sustained. A bill of interpleader is where the complainant claims no relief against either of the defendants, claiming of him the same debt or duty, by different or separate interests, he being uncertain with which of the claims he ought to comply; in which case he may apply to the court by a bill of this nature for leave to pay the money or deliver the property to whom it of right belongs, and that he may thereafter be protected from the claims of both. *Bedell v. Hoffman*, 2 Paige, 199; Mitf. Eq. Pl. 48; 2 Barb. Ch. Pr. 117. And the object of the bill is to protect a complainant standing in the situation of an innocent stakeholder. A bill of this kind ought to be filed immediately after or before the commencement of proceedings at law, and should not be delayed until a verdict or judgment has been obtained; and therefore, where an interpleading bill was filed after a verdict had been obtained by one of the parties and an injunction had been granted, on the money being paid into court, the court dissolved the injunction though the parties had come in, the plaintiff not satisfactorily accounting for the delay in filing his bill. *Cornish v. Towner*, 1 Younge & Jer. 333.

This case is adopted as authority for the rule on this subject in 2 Barbour's Ch. Pr. 120. We have no doubt

of the propriety of this rule and of its application to this case. There had been a trial, judgment, writ of error, affirmance of the judgment, *ante*, and a suit upon the supersedeas bond before the complainant filed this bill. The legal right of the plaintiffs in the judgment to have execution for the amount of the judgment levied upon the property of *Bird* was determined. The complainant does not pretend to give any reason for the delay. All the circumstances tend to show that he did not consider himself solely in the light of a stakeholder, not knowing to whom to pay funds acknowledged to be in his hands, but rather as *an adverse party*, resisting the recovery of the claim to the extent of the law. After having resisted the recovery to this extent, instead of acknowledging his indebtedness, he has no claim upon the court to relieve him from responsibility in the payment of a claim which he so resisted. The bill should not have been entertained in the first place, or it might have been dismissed upon motion or demurrer, and at the hearing it was not too late to raise the objection.

It is represented that the conflicting claims to this fund, between *Fake & Cotton* on the one side and *Morrison* on the other, grew out of a partnership between them, and that this was a debt owing originally to the firm. It being a partnership claim, it had to be sued for in the name of the firm. This point was decided in *Bird v. Fake & Cotton, ante.* The suit was correctly brought in the name of *Fake & Cotton*, the acting partners. *Morrison* would have been required to sue upon it in the name of the firm. The right of *Morrison* to receive the money for his own exclusive use and benefit being denied and disputed by *Fake & Cotton*, a payment by *Bird* of the judgment forever discharges him from all liability. Whether *Fake & Cotton* claimed the money adversely to *Morrison* or not makes no essential difference to *Bird*, so far as it relates to his liability to the firm. *Bird* has not given us to understand what security he gave *Morrison* for the debt, or what engagement has been made between them. The

right of *Morrison* to take such security to himself is disputed by *Fake & Cotton.* From this it appears that the partnership business of this firm has not been finally settled among its several members. In order to enable the court to judge of *Bird's* right to sustain this bill, he should set forth his particular obligation to *Morrison.* Short of this, we cannot determine that he labors under any difficulty with regard to the payment of the money upon the judgment. He must show that a recovery against him on this judgment of *Fake & Cotton* might not protect him against a recovery by *Morrison* (*Bedell v. Rogers*, 2 Paige, 209), which he has not, but, on the contrary, has withheld from the court the evidence or proper presentation of the fact. For this reason, also, the bill could not be sustained.

*Bird* may have been under some personal obligation to *Morrison*, and *Morrison* may be individually entitled to this money, but without a necessity for this proceeding this bill should not be sustained. The rule is that bills of interpleader are not to be encouraged and are not to be sustained without an absolute necessity. There was no necessity for the proceeding. This being a partnership claim, *Morrison* should have filed his bill in the court of chancery, against *Fake* and *Cotton*, to compel a settlement of the partnership accounts and for the appointment of a receiver. The collection of this debt would have thereby come under the jurisdiction of the court of chancery, and the receiver, as the officer of the court, would have taken care of the fund. Or, if the partnership affairs had all been settled, *Morrison* might have come into the district court and on his motion and cause shown, have had the judgment declared to be for his use, or the money ordered to be paid over to him. *Bird*, in this appeal, complains that the money was ordered by the court to be paid over on the judgment to *Fake* and *Cotton.* It is true that he had to bring the money into court before he could obtain an injunction against the collection of the debt by *Fake* and *Cotton.*

Upon the payment of the money, they were enjoined from proceeding further against him. He had defended against the collection of this claim in almost every way known to law, for about four years. He had gone to trial upon the bill and answers filed, and thereby consented that the legal effect of those answers must be against his bill if they denied all the material obligations in it, and a bill of interpleader is not an exception to this rule. *Atkinson v. Monks*, 1 Cow. 691. The court had the whole case before it by consent. *City Bank v. Bangs*, 2 Paige, 590. Upon the bill and answers it became a question what should be done with the money. Upon a dismissal of the cause, *Bird* acknowledged that he was indebted that amount, and desired to pay it. Such a case was not presented by him as to require *Fake* and *Cotton* to interplead with *Morrison*. An issue could not be raised between the defendants. *Fake* and *Cotton* were the nominal plaintiffs for the whole firm, and were disputing *Morrison's* exclusive right to the money; hence, it became evident that a payment by *Bird* extinguished the debt. It is a general rule that money paid into court by a debtor, cannot be taken out by him without consent. It is gone from him. And in *Bedell v. Hoffman*, 2 Paige, 199, the court, after dismissing the bill as unnecessarily filed, so far continued control of the funds paid in, as to deny the complainant the costs out of the funds. The court, at the instance of *Bird*, having enjoined the collection of the debt, and there being no legal reason why that injunction should continue, and no further dispute about the legal application of the money to the judgment, which *Bird* was anxious to discharge, if he could do so with safety, there seems to be a greater propriety in ordering it to be paid over in discharge of the judgment than in returning it to him. *Morrison* could follow it after the order as well as before, and on this appeal we cannot determine his right to the money or the propriety of his claim. It is not before us, nor can *Bird* bring it before us by this appeal.