## THE DRY DOCK METHODIST EPISCOPAL MISSION CHURCH *vs.* CARR and others.

It is only in cases in which the plaintiff can in no other way be protected from con-
flicting claims, as to a matter in which he has no interest, that a bill of interpleader
will be sustained.

It is not sufficient that there are conflicting claims ; provided the claim of one of the
parties is clearly legal and valid, to the exclusion of the claim of the other.

Neither will such a bill be sustained when the plaintiff has a complete protection at
law against the consequences of the conflicting claims.

The owner of a building cannot interplead the contractor by whom it was erected,
and the creditors of such contractor, in relation to the balance due from the owner
upon the building contract, where the creditors make claims under the "act for
the better security of mechanics, &c." and such claims are disputed by the con-
tractor.

IN EQUITY.   This was an order to show cause why an in-
junction should not be issued, to restrain the prosecution of a
suit at law against the plaintiffs.    The bill was a bill of inter-
pleader.   It alleged that the plaintiffs, being about to erect a
church in the city of New-York, entered into a contract with
the defendant Carr to do the carpenter's, joiner's, and painter's
work, for the sum of $3445, to be paid at different times, as the
work progressed.   That Carr proceeded in the erection of the
church, and finished the same ; that the plaintiffs had paid to
him, in the aggregate, $2723,61 ; leaving a balance due to him
on the 21st of January, 1847, of $721,39.   That on that day
Carr made an assignment of all his property, for the benefit of
his creditors, to the defendant Packard ; who gave the plaintiffs
written notice of such assignment, and required them to hold
all amounts payable to Carr, to the order of such assignee.   That
on the 28th of January, 1847, the plaintiffs received a notice
from the defendants Miller & Schaurman, stating that they
had a demand against the contractor, Carr, for materials fur-
nished, and labor done, for Carr upon the church edifice, amount-
ing to $530,32, and that for that sum they claimed to have a
lien upon the funds in the hands of the plaintiffs.   That on

the 29th of January the plaintiffs received a similar notice from the defendant Fisher, of a demand in his favor against Carr, for sashes furnished for the church, amounting to $99,61, which he also claimed to be a lien upon the funds in the hands of the plaintiffs. That on the 30th of January the plaintiffs caused copies of these notices and of the vouchers accompanying them, to be served on Carr. They subsequently received notices from Carr stating that he intended to dispute and contest both these claims; copies of which notices the plaintiffs caused to be served upon the respective claimants. That the plaintiffs are ready, willing, and desirous to pay to Carr, or his assigns, the balance remaining due from them upon the building contract, as soon as they can do so with safety and without incurring any liability to pay the same, or any part thereof, to any other claimant or claimants. That they caused the amount of the balance admitted by them to be due to Carr, or his assignee, over and above the amount claimed by Miller & Schaurman, and by Fisher, to be offered to Carr or his assignee, who refused such offer, unless the plaintiffs would pay the whole sum due upon the contract; that they afterwards caused the said balance to be tendered, in legal form, to Packard, the assignee, who received the same and gave his receipt therefor. That there remained in the plaintiffs' hands, after deducting this payment to the assignee, $629,91, which sum they were ready and willing to pay over as soon as they could safely do so, to the person or persons entitled to receive the same. That Carr had brought a suit in the New-York common pleas against the plaintiffs, to recover the balance due to him upon the contract; which suit was at issue and noticed for trial. That Miller & Schaurman and Fisher had also threatened to bring suits against the plaintiffs for the amount of their respective claims. That the plaintiffs did not know to which of the parties claiming the money they could safely pay the same. And the bill prayed that the said several parties might interplead and settle their claims to the fund among themselves; and for an injunction to restrain the prosecution of the suit commenced by Carr against the plaintiffs in the New-York common pleas, and to restrain Carr

and the other defendants from instituting or prosecuting any other action or actions at law for the same cause.

*L. M. Rutherford,* for the plaintiffs.

EDWARDS, J.   It is only in cases in which the plaintiff can in no other way be protected from conflicting claims, as to a matter in which he has no interest, that a bill of interpleader will be sustained.   It is not sufficient that there are conflicting claims; provided the claim of one of the parties is clearly legal and valid, to the exclusion of the claim of the other.   Neither will such a bill be sustained when the plaintiff has a complete protection at law against the consequences of the conflicting claims of the several defendants.   (*Bedell* v. *Hoffman,* 2 *Paige,* 199, 201.   *Mohawk and Hudson Rail Road Co.* v. *Clute,* 4 *Id.* 392.)

This case is to be considered in the same manner as if there had been no assignment by Carr to Packard.   The question then, for my decision, is simply this : Can the owner of a building interplead the contractor, and a creditor of such contractor, in all cases where such creditor makes a claim under the " act for the better security of mechanics, &c." (*Laws of* 1830, *ch.* 330,) and where such claim is disputed by the contractor ?   The act was intended to, and most undoubtedly does, furnish all the means necessary for the protection of the rights of all the different parties to whom it applies.   If the creditor, or person who makes his claim, under the act, has a valid claim, and pursues the course pointed out by the act, and establishes the validity of his demand, the owner is not only protected in paying the claim thus established, out of the funds in his hands, but is bound to pay it.   If, however, the person making a claim fails to establish his demand, either because it does not come within the provisions of the statute, or because he has neglected or refused to comply with those provisions, the owner is protected in paying the fund in his hands to the contractor, and is bound to do so.   In any event the owner has his protection at law, without resorting to

the aid of a court of equity. The order to show cause why an injunction should not issue must therefore be dismissed, but without costs to either party.

