## NEW YORK COMMON PLEAS.

### CHAMBERLAIN agt. O'CONNOR.

Respecting *mechanics lien* in New York city.

Where several claims are filed against the owner and suit brought against him by one of the claimants, and the amount is unascertained, the owner (defendant) can not be permitted to allege that he is indebted to the contractor in a less sum than the plaintiffs claim against the contractor and be allowed under § 122 of the Code to pay the balance into court, and have the claimants substituted in his place. It is not a case for an interpleader. The amount is unliquidated, and the notices of the claims are not for the same debt.

The action was brought under the lien law of 1851, by the mechanic against the owner. A number of claims had been filed with the county clerk, and the defendant upon an affidavit stating that he was indebted to the contractor in a sum less than the plaintiff's claim against the contractor, and has paid all the residue of the moneys belonging to the contractor, moved for an order permitting him to pay the amount he so admitted to be due into court, and that the different claimants might be substituted in his place as defendants, under the 122d section of the Code.

INGRAHAM, First Judge.—This action was brought to foreclose a claim under the lien law.

A number of claimants have filed the necessary papers to create liens, and the defendant now applies for an order permit-

ting him to pay into court a certain sum, which he admits to be owing to the contractor—substituting such claimants in his place and discharging him from liability.

The plaintiff, however, insists that there is due from the defendant a larger sum than he admits to be due, and sufficient to pay himself and previous liens.

It is clear that the defendant does not bring himself within the provisions of the 122d section of the Code, so as to succeed on this motion. The claim must be by different persons for the same debt, and the amount of the debt must be settled, so that the same can be paid into court. It has no where been allowed for a party who disputed the amount of his liabilty, to substitute another person to bear the expense of the litigation. If the amount is not beyond dispute no interpleader can be allowed. Here the defendant not only claims for credit on account of payments, but deductions from the contract price for bad work, for delay in finishing, and for unfinished work of large amount, and then offers to pay the balance into court. To grant this application would be virtually a decision that the defendant was entitled to all the deductions claimed, without any opportunity to the other parties to test the validity of their claims.

I see no difficulty in the defendant setting up in his answer the various liens which have been created in this matter in the order in which the notices were filed; and if upon the trial of the cause it shall appear that the amount for which he is liable to the contractor, is less than the whole amount of the liens prior to that of the plaintiffs, he can obtain the decision of the court upon the right of the plaintiffs to recover at all against him.

It is enough for the purposes of the present motion to say that the case is not one for an interpleader, because the amount due from the defendant is unascertained, because the defendant claims himself a deduction from the sum due to the contractor, and because the claims of the several persons filing the notices of their demands are not for the same debt.

The 122d section referred to above does not prevent the plaintiff from commencing a suit for the purpose of an interpleader if he see fit, although he would find the same difficulty in his way there that exists in this motion. Motion denied without costs.