NEW-YORK PRACTICE REPORTS. 193

Beck and another agt. Stephani, Ryback, and others.

# SUPREME COURT.

## BECK AND ANOTHER agt. STEPHANI, RYBACK, AND OTHERS.

Where a defendant is made a party by an *amended* instead of a *supplemental complaint*, the facts as to him occurring after the issuing of the original complaint, it ought to be treated as an *irregularity*, and not a *nullity*, where no substantial rights or interests of such defendant are affected; it being merely a matter of form in bringing him before the court.

And where such defendant *appears generally* in the cause, it is a *waiver* of such *irregularity ;* as much so as it would have been if he had appeared generally, after service of a *defective summons.*

A person who owes a debt or has incurred a liability, and is unable to determine, without serious risk, to which of several adverse claimants it should be rendered, may, on application to the court, compel such adverse claimants to *interplead,* and relieve him from further responsibility. A mere *claim* is a ground of interpleader. (1 *Mad. Ch.* 142.)

But the plaintiff must show that he does not collude with any of the claimants; that the claims are what, under the old distinctions, were denominated *legal*— that privity should subsist between him and the defendants—that he is in possession, actually or constructively—that he does not claim any interest in the property in dispute, and that he can in no other way be protected from an oppressive or vexatious litigation in which he has no personal interest.

There is nothing in the Code which takes away the right to resort to this remedy. The remedy prescribed in the Code is merely concurrent.

*New-York Special Term, March,* 1854. P. A. Milberg, of Hamburgh, Germany, consigned to the plaintiffs four different shipments of merchandize, with instructions to deliver the same to Jacob Ryback, one of the defendants, upon payment of the freight and expenses. Upon the arrival, in December last, of two of the consignments, by the ships Rastede and Donan, they delivered to Ryback the bills of lading for them, on receiving from him the amount which they demanded for those charges. Soon after this, the plaintiffs received notice from Milberg, and from other defendants in this action, that the latter claimed to be entitled to the goods embraced in the several consignments, and cautioning them not to part with the possession of the property and of the bills of lading to Ryback, on the ground that he had fraudulently obtained possession of it

from them, being merchants and manufacturers in Vienna; that he pretended to purchase the goods, with the design of never paying for them, and of causing them to be conveyed secretly to the United States; and, to carry out such design, he caused the goods to be secretly removed from Vienna to Hamburg, and there shipped by Milberg, who was not then aware of the fraud, to New-York, whither Ryback himself soon after took passage.

On receiving this information, and before Ryback (with the exception of two cases, each containing a piano forte) obtained actual possession of the property out of the public store, where they then remained in the custody of the collector, the plaintiffs applied on the 30th of December last to one of the justices of this court for an injunction, which was granted, to restrain him and the other claimants from taking possession and disposing of the property, and for the appointment of a receiver; praying, in their complaint, that the defendants may be required to interplead and settle their conflicting claims, and that they, the plaintiffs, may be absolved from all liability in the premises.

The plaintiffs allege in their complaint, that they have no interest in the goods, that they do not collude with the defendants or any of them, and that this action is commenced solely for their own protection.

They further allege that after the commencement of this action, and after service of the injunction on Ryback, he entered into a stipulation on which an order was duly entered, by which it was agreed that Mr. Charles H. Loosey, the Austrian consul, should be appointed receiver of all the goods comprised in the four shipments, with liberty to make sales and to return the proceeds, to await the further order of the court; but that Ryback, in evasion of these proceedings, and in violation of the injunction, made a pretended sale to Stephani, since made a defendant by amendment, and fraudulently contrived with him to have the goods which were imported in the Rastede removed from the public store, and afterward placed in the store, No. 112 Liberty-street, after which they were delivered by Ryback to Coronna and Sittenfelt, as commission merchants, for sale

on his account.    They also are made defendants by amendment, claiming, however, to be indifferent between the parties, and now holding the property subject to the order of this court.

On these facts, the plaintiffs now apply for an extension of the injunction and receivership, so as to embrace the proceeds of the goods that might have been sold, and the documentary evidences of title to all of the goods, for a receivership against Stephani, and an attachment against Ryback for a violation of the injunction.

The defendants, Ryback and Stephani, move severally for a dissolution of the injunction, with costs against the plaintiffs, upon affidavits denying many of the facts alleged by the plaintiffs in their original and amended complaint, and in their affidavits.

———— *for Plaintiffs.*
———— *for Defendants.*

CLERKE, Justice.    The facts charged against Stephani in the amended complaint ought strictly to have been brought before the court by a supplemental complaint; because, according to the plaintiffs' own statement, they have occurred since the original complaint was presented; Hornfager agt. Hornfager, (6 *How. P. R.* 13; 1 *Barb. Ch.*, *p.* 207; 2 *id.* 63, 64;) and although Stephani alleges that these facts occurred prior to that time, yet, on this inquiry, we can only regard the statements in the complaint.

Is this defect, however, an irregularity or a nullity?    If only the former, it cannot be regarded on this motion, being waived by the notice of appearance served on behalf of Stephani.    A mere irregularity is very different from a nullity or an essential defect; which, with some exceptions, may be taken advantage of at a subsequent stage of the action, and is not necessarily waived, notwithstanding an inconsistent step by the party afterward objecting.

The whole tenor of recent legislation and of the practice of courts of justice indicates an unmistakeable inclination to treat deviations from proceedings prescribed by statutes or rules, as

irregularities rather than nullities, provided the error is not cal-culated to produce any serious injury to the party whom it affects; and while he is allowed an ample opportunity for in-sisting that the mistake should be rectified before he can be compelled to proceed in the action, if he permits the opportu-nity to escape, it is to be presumed that he did not deem any notice of it essential to his interests.

I think the amendment of the original complaint, instead of a supplemental one, ought to be considered an irregularity and not a nullity. It is a mere technical objection, affecting rather the relative congruity of the proceedings than the substantial rights and interests of the defendant Stephani; in no possible respect can it be important to him, whether he was brought into this controversy by an amendment instead of by a supplemental complaint.

If, then, this is a mere irregularity, has not his appearance waived all right on his part to object to it? A notice of ap-pearance waives all defects in the summons; it is an admission on the part of the defendant that he is regularly in court; and, whether he appears in obedience to a summons abounding in defects, or without a summons at all, he is before us, to all in-tents and purposes, as a defendant in the action.

I shall next consider whether this is a proper case to support an action demanding parties to interplead.

Instances are continually occurring, especially in a commer-cial community, where, from peculiar and unforeseen circum-stances, a person who owes a debt, or has incurred a liability, is unable to determine, without serious risk, to which of several adverse claimants it should be rendered; and, to prevent the probable, or even possible injustice or vexation, arising from the prosecution of actions by any or all the claimants, this court will compel them to test their claims by judicial investi-gation in an action between themselves; in other words, the court will compel them to interplead, on the application of the person owing the duty or liability, and will relieve him from further responsibility. A mere claim is a ground of inter-pleader. (1 *Maddock's Ch.* 142.) The plaintiff, however,

must show that he does not collude with any of the claimants, that the claims are what, under the old distinctions, were denominated *legal*, that privity should subsist between him and the defendants, that he is in possession, actually or constructively, that he does not claim any interest in the property in dispute, and that he can in no other way be protected from an oppressive or vexatious litigation, in which he has no personal interest. It matters not in what capacity the plaintiff has incurred the debt or liability, whether as a stakeholder, or tenant, or an ordinary agent, or as a public officer, or as an accidental recipient of the property. He has a right to claim the equitable intervention of the court for his complete indemnification and relief. To be sure, it is said that courts do not look very favorably upon this proceeding; and Lord HARDWICKE is reported to have expressed himself unwilling to allow *new inventions* in the bringing of such remedies. Metcalf agt. Harvey, (1 *Vesey*, 249.) But a mode of relief which can be in so many instances advantageously resorted to, will never be denied, where the plaintiff can present a state of facts of the description to which I have adverted.

And this, I think, the plaintiffs have very satisfactorily done in the present case. I can discover nothing to debar them from insisting, that those adverse defendants should interplead, and relieve them from any litigation which the defendants, or any of them, may think proper to institute. Neither is there anything in the Code, which takes away the right to resort to this remedy. The section of the Code referred ·to by the respective counsel of Ryback and Stephani, provides for cases where an action has been already commenced by one of several adverse claimants against a party in the situation of these plaintiffs. Persons, so situated, are still allowed, at all events where no action has as yet been commenced against them, to have recourse to this proceeding. The remedy prescribed in the Code is merely concurrent.

Having settled these points, it is not necessary for me to dwell upon the merits disclosed in these applications. There is a very sharp combat of affidavits, not unusual, I grieve to

say, on such occasions.. They are utterly discrepant and irre-concilable; and this is reason enough for requiring the contest-ants to interplead, in order to have their rival claims adjusted according to the ordinary course and practice of judicial pro-ceedings. It is fit, then, that the property in question should be retained in the custody of the receiver, to await safely the final adjudication of the court.

I am of opinion, that the plaintiffs are entitled to all the re-lief they ask, and that the applications made by Ryback and Stephani to dissolve the injunction should be denied, without costs.