McCunn, J.
The defendants are common carriers, and the property in question was placed in their charge for transportation to a distánt port. Immediately after the goods had been placed in their steamship, and after a large quantity of other freight had been stowed on top of the same, two different parties, with distinct and' separate interests, presented themselves as claimants of the goods, just before the sailing of the ship. One brings an action for the recovery' of the goods, and the other threatens action. In this dilemma, the defendants, who are the mere custodians of the property, invoke the aid of this court, under the 122d section of the Code, and ask that the party who claims the property be substituted in their stead as defendants, and I am of opinion that a more proper case for such interposition could hardly exist.
The parties filing a bill of interpleader claim no relief from either party; they simply ask for the direction of the court as to their duty in the premises, arid - for this purpose it is enough for them to know that the same debt is claimed, or duty required, by different and separate parties, and that they are uncertain with which of the two claims to comply. This was held by the chancellor to be the correct doctrine in a question of this nature, in the case of Bedell v. Hoffman, (2 Paige, 199.)
This case is not similar, in- any respect, to the case of The United States v. Vietor, (16 Abb. Pr. 153.) There the plaintiff, by his own motion, obtruded himself upon the court. He had placed himself in a position to be sued, by his own wrongful ac,t, and he was not ignorant of the claims of the adverse party. Here the defendants who seek this relief are innocent parties, and are forced into their- present position by the acts of these several claimants.
As to the question of sale by the sheriff, the rule of law laid down in the case of McKay v. Harrower, (27 Barb. 463,) *675 is undoubtedly correct. It does not, however, apply in this case. In that case the sheriff sold without the order of the court, and without any consent from the parties in the action. In this case all the parties consented that the sheriff should allow the ship to proceed on her voyage, and that the captain should sell the goods in Havana, and bring the gold, the proceeds of the sale of the goods, into court.
The defendants’ motion granted ; and as they have been forced into their present position by the action of the several parties claiming the property, they should have costs.