ELIZABETH ANN TANTON, as the sole executrix, &c., of the estate of the late JESSE TANTON, deceased, appellant, agt. JACOB GROH and MICHAEL GROH, respondents.

Where on application for an order of *interpleader*, under § 122 of the Code, the court obtains jurisdiction of the matter, the granting or refusing the order is in the discretion of the court below, and is not the subject of review in this court.

An order of interpleader may be procured in an action for the *foreclosure of a mortgage*,—and where the only matter in dispute is the *ownership* of the mortgage—one claimant being the mortgagee named in the mortgage, and the other the possessor of the mortgage, without any other evidence of title, and both demanding payment of the mortgagors, it is a proper case for the protection of the mortgagors by an interpleader under this section, where an action is instituted by one of the claimants for the foreclosure of the mortgage.

*September Term,* 1869.

APPEAL from an order of interpleader granted at special term and affirmed at general term in the first judicial district.

CLARK B. WHEELER, *attorney, and*
A. J. PARKER, *counsel for appellant.*

This action was brought for the foreclosure of a mortgage for $1,200, executed by the above-named respondents to one Louisa T. Milman, upon property in New York City, dated March 17, 1864, payable in three years, and which the said mortgagee, in the month of April, 1866, sold, assigned and delivered to Jesse Tanton, her father, (the testator,) for $1,200 in cash, which he paid to her. He died April 25, 1868, leaving a will dated July 2, 1846, and a codicil thereto, dated June 20, 1855, in which codicil he appointed his wife

(the present plaintiff) sole executrix. The will and codicil were duly proved before the surrogate of New York, June 9, 1868, and letters testamentary granted to her, The mortgagee claims (verbally) the right to compel these respondents to pay her the money again and thus receive it twice, because she omitted to execute the assignment in writing.

The plaintiff is the mother of Louisa T. Milman, and the said bond and mortgage form a part of the assets of the said estate. After the sale and delivery of the said bond and mortgage, the testator deposited them in his iron safe in his own room, under his absolute control, and said Louisa, as his clerk or agent, collected from these respondents the interest due upon the bond and mortgage from time to time, until his death, and paid it over to him. The bond and mortgage were found by the plaintiff in the iron safe a few days after the death of the testator.

After the service of the summons and complaint in this action, and before the time for answering had expired, upon an order to show cause and other papers, a motion, in the nature of a bill of interpleader was made on the behalf of these respondents, and also of said mortgagee and assignor, and granted.

The affidavit of Louisa T. Milman was not served upon the attorney for the appellant, and it was objected to, both at special and general terms, on that ground, but overruled, and because the said mortgagee and assignor was not a proper party to the action, and had no interest therein. From this order an appeal was taken to the general term of the supreme court, which was slightly modified and affirmed.

The plaintiff appeals to this court.

I. "Affidavits which have not been served cannot be used in support of a motion." (*Rule* 49.) (4 *Abb. Dig.* 89, 90.)

II. This motion was premature. It is controlled by the practice in the old court of chancery. (*W. Life Ins. Co.* agt. *Lawrence*, 28 *How.*, 435. BARNARD, *J.*)

III. No such order, as the one appealed from, was asked

Tauton agt. Groh.

for in the moving papers. It is the duty of the prevailing party to see that the order conforms to the decision. (*Savage* agt. *Relyea*, 3 *How.*, 276, WILLARD, *J.*)

No notice of motion was served upon the attorney for the plaintiff, as is recited in the order. The defendants cannot have more than what they ask for in the order to show cause.

The particular grounds of a motion should appear plainly, either by the notice of motion or the affidavits. (*Ellis* agt. *Jones*, 9 *How.*, 296, GRIDLEY, *J.*; *Bowman* agt. *Sheldon*, 5 *Sanf.*, 660, DUER, *J.*; *Bailey* agt. *Lane*, 13 *Abb.*, 354, *G. T.*, 1st *dist.*)

In the case of *Mann* agt. *Brooks*, (7 *How.*, 457, 458,) this court says: " CADY, J.—Relief has sometimes been granted on a notice as general as this, but I am inclined to believe that it would tend to prevent surprise if the court would not listen to a prayer until the petitioner has discovered, and is able to give notice of what he wants."

IV. Neither § 118 or § 122 of the Code is applicable to a case like this. They apply only to some actions on contract, and to those for the recovery of specific real property or specific personal property. This is an action for relief, and not such an one as is referred to in those sections.

The remedy of Louisa T. Milman, (the assignor,) if any, is to sue the estate for the bond and mortgage, or, money represented by them; not by giving verbal notice to the defendants not to pay the money to the plaintiff. (*See the Summons; Code*, § 129; *Wilson* agt. *Duncan*, 11 *Abb.*, 3, *Superior Ct.*, *G. T.*; *Kelsey* agt. *Murray*, 28 *How.*, 243, INGRAHAM, *J.*; *U. S. Trust Co.* agt. *Wiley et al.*, 41 *Barb.*, 477, *G. T.*, 1st *Dist.*; *Judd* agt. *Young*, 7 *How.*, 79, SHANKLAND, *J.*; *Tallman* agt. *Hollister*, 9 *How.*, 508, STRONG, *J.*; *Dayton* agt. *Wilkes*, 5 *Bosw.*, 655, BOSWORTH, *J.*; *Hornby* agt. *Gordon*, 9 *Bosw.*, 656, MONELL, *J.*; *Trigg* agt. *Hitz*, 17 *Abb.*, 436, *G. T.*, 1st *Dist.*)

V. The court will not, in an action like this, allow new

parties, defendants, to be substituted against the will of the plaintiff. The assignor having parted with her interest, her presence is no more necessary to the determination of the action than is that of a former owner of the property. She cannot satisfy the mortgage, because she has no right to receive the money. (*Sawyer* agt. *Chambers*, 11 *Abb.*, 110. INGRAHAM, *J.; Freeman* agt. *Newton*, 3 *E. D. Smith*, 250. *G, T.*)

VI. The affidavits of the moving party are insufficient. They should show :

1. That the defendants have served notice in writing upon this claimant ;

2, That she has made her claim of them in writing ;

3. Should admit or show a right in two or more claimants, and who they are, and what their claims are ;

4. Should state that time for answering has expired ;

5. Should state the defendants are quite indifferent as to the result ;

6. That the defendants claim no beneficial interest in the subject ;

7. That they have not, by their own acts, placed themselves in a position to be sued ;

8. Should state on what the claims of the claimant rest, or

9. That the defendants are ignorant of them, or

10. That the defendant's do not know to whom they can safely pay the amount claimed ;

11. Must show that the claimant is ready and willing to be substituted as the defendant and must state her pecuniary responsibility, so as to be able to pay costs.

(2 *Barb. Ch. Pr.*, 120, 121, 573 ; *Wilson* agt. *Dunean*, 11 *Abb.*, 7, *Su. Ct. G. T.; Sherman* agt. *Partridge*, 11 *How.*, 154, DUER, *J.; Vosburgh* agt. *Huntington*, 15 *Abb.*, 254, MULLIN, *J.; Atkinson* agt. *Manks*, 1 *Cow.*, 703 ; 2 *Whittaker's Practice*, 3d ed., 16, 17, *and cases cited; Lund* agt. *Savings Bank*, 20 *How.*, 461, HOGEBOOM, *J.; Affirmed*, 23 *How.*, 258, *G. T.*, 1st *Dist.; Marvin* agt. *Elwood*, 11 *Paige*,

374; *Fletcher* agt. *Troy Savings Bank*, 14 *How.*, 383; *Lund* agt. *Savings Bank*, 37 *Barb.*, 129.)

Where the controversy arises under a written instrument, its exact provisions should be given by the moving party. (1 *Whittaker's Practice*, 3d ed., 952, *and cases cited*.)

VII. Here was a valid, legal and equitable assignment of the bond and mortgage by the mortgagee to the testator, though not in writing; and therefore Louisa T. Milman has no interest in the bond and mortgage, and should not be made a party. ( *Green* agt. *Hart*, 1 *Johns.*, 580; *Johnson* agt. *Hart*, 3 *Johns. Cases in Error*, 322; *Jackson* agt. *Willard*, 4 *Johns.*, 42; *Runyan* agt. *Mersereau*, 11 *Johns.*, 534; *Dawson* agt. *Coles*, 16 *Johns.*, 54; *Prescott* agt. *Hull*, 17 *Johns.*, 292; *Briggs* agt. *Dorr*, 19 *Johns.*, 96; *Ford* agt. *Stuart*, 19 *Johns.*, 344; *Gould* agt. *Ellery*, 39 *Barb.*, 163, *G. T.*, 1st *Dist.*, Opinion by INGRAHAM, *J.*; *Voorhies' Code*, 9th ed., 112, "*Form of Assignment*"; *Hastings* agt. *McKinley*, 1 *E. D. Smith*, 277, *G. T.*)

VIII. The testator having purchased this bond and mortgage of the mortgagee, and paid the full value for them, and she having delivered them to him, who owned and held them at the time of his death, the plaintiff on producing them in court, has a right to recover upon them, against the present defendants without joining or substituting others. ( *James* agt. *Chalmers*, 2 *Seld.*, 209; *Gould* agt. *Ellery*, 39 *Barb.*, 163, *G. T.* 1st *Dist.*, opinion by INGRAHAM, *J.*; *Moltram* agt. *Mills*, 1 *Sandf.*, 37; *Freeman* agt. *Newton*, 3 *E. D. Smith*, 250, *G. T.*)

IH. The order appealed from should be reversed, with costs and disbursements in the court below, and of both appeals, to be paid either by the respondents or the mortgagee.

The costs are discretionary with the court. (*Code*, §§ 304, 306.)

JAMES, J.—This order, as modified by the general term,

was both just and right. The action wss to foreclose a mortgage made by defendants to Louisa T. Milman and claimed to be held by the plaintiff as part of the assets of her trust.

The execution and validity of the mortgage were not denied. It was admitted to be due, and the mortgagors did not wish to control or delay its payment; on the contrary, they had the money and were anxious to satisfy and discharge the mortgage. But the mortgagee still claimed the mortgage as her property, and the money due upon it, as due to her. She declared that she had never parted with her title to it, and had notified the defendants of this, and forbidden them to pay it to the plaintiff. The plaintiff had found the instrument among her testator's effects, but there was no written assignment attached, and none could be found to verify the testator's title.

Under this state of facts, the defendants procured the order appealed from. The Code, § 122, provides that: "a defendant against whom an action is pending upon a contract, or for specific real or personal property, may, at any time before answer, upon affidavit that a person not a party to the action, and without collusion with him, makes a demand against him for the same debt or property, upon due notice to such person and the adverse party, apply to the court for an order to substitute such person in his place, and discharge him from liability to either party, on his depositing in court the amount of the debt, or delivering the property, or its value, to such peason as the court may direct, and the court may, in its discretion make the order."

This order was based upon an affidavit of the defendants entitled in the action, setting forth that said mortgagee has made demand upon them for the payment to her of the amount due on said mortgage, and has notified them not to pay said mortgage to any person but her, and claims that she is the sole and lawful owner of the said mortgage, and that said claim or demand was made without any collusion

or understanding between said Louisa and defendants, or either of them ; also upon an affidavit of their attorney that no answer to the action had been put in, and that he knew, of his own personal knowledge, that Louisa T. Milman had claimed and now claims that said mortgage is her property, and that no other person has any interest in the same ; also affidavits of service of notice of this application upon said Louisa T. Milman and the plaintiff's attorney; also, the affidavit of said Louisa T. Milman, that said mortgage is her sole and exclusive property, that she never assigned or agreed to assign the same, or any interest therein, nor ever received any consideration for any assignment thereof ; also the summons and complaint, and also upon the affidavit of the plaintiff's attorney, in opposition, that said Louisa T. Milman did, in April, 1866, sell and assign to plaintiff's testator said mortgage, and the bond accompanying the same.

These affidavits gave the special term jurisdiction in the matter of the application; and the allowance of the order was in its discretion. It is so declared by the Code, and being discretionary, it most clearly was not the subject of review. I am, therefore, of the opinion that the appeal should be dismissed.

If, however, the order is appealable, it should be affirmed. Its justice to the defendants is too transparent to require illustration. They make no contest; they admit the obligation, that it is past due and desire to pay it. The contest is between others for the money. The instrument is not negotiable ; one claimant is the payee named in the mortgage, without possession ; the other is the possessor of the mortgage, without any other evidence of title. The only matter in dispute is the ownership of the mortgage. In that the defendants have no interest. It is asserted that sustaining this order will produce litigation and complication between mother and daughter ; but that is a matter the ceurt cannot consider ; it is not an element in the case.

Tanton agt. Groh.

The Code, § 122, provides for protection to a defendant, and if a case is presented showing him entitled to the benefit of its provisions in the discretion of the court below, this court cannot review it, because it may produce complication between the several claimants of the fund. On the merits the order should be affirmed.