Van Vorst, J.
The plaintiff bought of the defendant Arthur, merchandise of the value of $2,478.52.
The defendant Power, acting as receiver of the Chrome Steel Company, forbade the payment of the price for the merchandise to Arthur, and rendered to the plaintiff a bill for the same, and claimed the price of the goods, as such receiver, and threatened that any payment the plaintiff might make to any person other than himself would be at the plaintiff’s peril. Arthur thereupon brought an action against the plaintiff, in this court, to recover the purchase price of the goods, which action is still pending, and the defendant, Power, *148 threatening to bring suit against the plaintiff, for and on account of the “ same cause of action.the plaintiff brought this action, which is one of interpleader, and in his complaint alleges that he is unable to determine which of the defendants is entitled to the contract debt, and he avers his readiness, and offers to pay the money in dispute into court.
I think the allegations of the complaint are sufficient to uphold this action.
The defendant, Power, makes claim to the same money demanded by the defendant, Arthur, the price of the merchandise in question. The plaintiff should not be subjected to two actions, when the liability can be determined in one.
Under the claim of the defendant, Power, and the manner in which it is interposed, the receiver of the Chrome Company having rendered a bill to the plaintiff, for the same merchandise as that sold by the defendant, Arthur, I cannot say absolutely, nor can the plaintiff say, that Arthur has a vested interest in the proceeds, to the exclusion of the Chrome Company.
It is quite true that the allegation in the complaint, as to the true nature of the title and claim of the Chrome Company, is not as full and clear as could be desired, but the remedy for such defect is by a motion to make the complaint more definite and certain by amendment. However, an implication fairly arises from the allegations of the complaint, that the Chrome Company claimed to be the owner of the goods, and as such, to be entitled to the proceeds of the sale.
A distinct claim is interposed in a formal way, by the representative of that company, for the proceeds, which the plaintiff cannot, without peril, disregard. That is enough to justify this action (Atkinson v. Manks, 1 Cow. 691, 703, 705; Peck v. Stephani, 9 How. Pr. 193; 1 Madd. Ch. 142).
As the substance of the allegation in the complaint *149 is, that both defendants claimed to be the owner of the goods, although the plaintiff dealt with only one of them, in making the purchase, I think the claim interposed by the other, to the money, cannot be disregarded by the plaintiff.
The case of Trigg v. Hitz (17 Abb. Pr. 436), is clearly distinguishable: see Johnson v. Lewis, 4 Abb. Pr. N. S. 150. There should be judgment for the plaintiff on the demurrer, with liberty to the defendant to answer on payment of costs.