# CITY COURT OF NEW YORK.

## MARY CRONIN agt. JOSEPH CRONIN.

*Costs — In interpleader actions — Code of Civil Procedure, sections* 3228, 3229, 3230.

Where upon the trial of an action in which interpleader was allowed under the Code, the plaintiff established title to part of the fund in court and the defendant to the balance, and on the pleadings each party denied all ; *Held,* that neither was entitled to costs "as of course," but that the award of costs in such cases rested in the discretion of the court.

·*Special Term, February,* 1886.

THE bank for savings had on deposit to the credit of "Mary Cronin and husband, Joseph, or either," the sum of $747.98. The plaintiff brought an action against the bank, claiming the entire deposit, and the bank moved for and obtained an order interpleading in its place the present defendant, on the ground that he also made claim to the same fund (*Mulcahy* agt. *Emigrant Industrial Savings Bank,* 89 *N. Y.,* 435). The bank, under this order, was allowed to retain the fund at interest, subject to the further order of the court, leaving the rival claimants to establish their title to it. The defendant in his answer admitted the plaintiff's title to $125 of the sum on deposit and claimed the balance as his own. The plaintiff served a reply to the answer, in which she reiterated her claim to the entire fund. The issue was tried and the jury found that $425 of the fund belonged to the plaintiff and the balance, $322.98, belonged to the defendant. Neither can properly be called the "prevailing party," because each was to an extent unsuccessful. Each party denies the right of the other to costs, and the court is called upon to determine whether either, and which, of the parties is entitled to costs under the peculiar circumstances stated.

Cronin agt. Cronin.

*Howe & Hummell*, for plaintiff.

*John A. Mott*, for defendant.

McADAM, *C. J.*—The action of interpleader is of equitable origin, and the remedy provided by the Code is merely concurrent (9 *How. Pr.*, 193; 1 *E. D. Smith*, 665; *S. C.*, 8 *How. Pr.*, 45; 14 *id.*, 505). The principles which govern the remedy, either in equity or under the Code, are alike, and the rule formerly prevailing as to costs should, as far as practicable, be applied to the present practice. It is evident that the general provisions of sections 3228 and 3229 of the Code as to costs, were not intended to include interpleader actions, where (as here) each party prevails in establishing title to a substantial part of the fund in dispute. The case, in consequence, falls within section 3230, which leaves the award of costs discretionary with the court. This construction agrees with that approved by *Willard* in his work on *Equity Jurisprudence* (*Potter's ed.*), 321, where he says, that the Code (*sec.* 306 of old, and *sec.* 3230 of new) "vests the court with the same discretion in such actions as existed before," and under the former practice costs were not matter of right in interpleader cases. They rested in the discretion of the court (*Bedell* agt. *Hoffman*, 2 *Paige*, 199). This also accords with the present general legislative intent (2 *R. S.*, 617, § 20; 3 *Wait's Pr.*, 468, 469; *Code*, § 3234). The legislature certainly did not intend, even under the interpleader allowed by the Code, that a defendant whose defense was meritorious, and who succeeded in it to the extent of prevailing in the action equally with the plaintiff, should be arbitrarily mulcted with costs, "as of course," for presenting a claim fully as just as that made by his adversary. Such an interpretation would be harsh and oppressive, and tend to establish an immutable rule which might, in some cases, work great injustice. The intention was to avoid this possible result by leaving the question of costs in such actions to the discretion of the court,

VOL. III.      24

that they might be allowed or withheld according to equitable principles and in furtherance of justice. This intent (if it required further evidence to make it manifest) will be found in the statute (3 *R. S.*, 6*th ed.*, 378, § 392), which provides that where the title to a fund on deposit with a savings bank is disputed, an interpleader may be allowed, to the end that the rival claimants interested in the dispute may be brought into the litigation and the bank allowed to drop out, and which further provides that "the question of costs in the actions referred to shall, in all cases, be in the discretion of the court, and may be charged upon the fund affected by such action." It is clear, therefore, that the award of costs rests entirely in the discretion of the court, and the only question left is to exercise the discretion for the best interests of all concerned, keeping in mind the smallness of the fund. The plaintiff and defendant are husband and wife; they disagreed, and, in consequence, separated. Law suits followed, and this is one of them.

As usual, in such intestine quarrels, each of the parties is right to an extent, and beyond that wrong. The interests of all will be best subserved by holding that each of the litigants have the portion of the fund to which they are respectively entitled; that neither have costs against the other; that the costs of the respective attorneys be not charged on the fund; and that the attorneys on each side be left to regulate his fee with his client when the fund is paid over.

The disbursements incurred by each of the litigants in determining the title to the fund, should, as a necessary incident, be taxed and charged upon the fund, but the application for further costs or allowance will be denied. A decree in accordance herewith may be submitted.