Wakeman *v.* Kingsland.

## JOHN P. WAKEMAN

*v.*

## JOSEPH KINGSLAND, THOMAS A. MURPHY and others.

1. A defendant in a strict interpleader suit cannot have relief by cross-bill against the complainant.

2. A complainant in such suit, who is under any personal liability to a defendant in respect to the matter concerning which he asks that the defendants shall be compelled to interplead, cannot maintain his suit against such defendant, but his bill as to him must be dismissed.

3. The only decree which can be made in a strict interpleader suit, in favor of the complainant and against the defendants, is that the complainant's bill was properly filed, giving him leave to bring the property in dispute into court, and allowing him costs out of the property, and directing the defendants to interplead and settle the conflicting claims which they set up to the property among themselves.

4. And the only relief which can be given to a defendant in such a suit, as against the complainant, is a dismissal of the complainant's bill, and that a defendant may always obtain on answer alone and without a cross-bill.

On motion to strike out cross-bills.

*Mr. James E. Howell,* for the motion.

*Mr. Frederick H. Pilch* and *Mr. William B. Guild, contra*

VAN FLEET, V. C.

This is an interpleader suit. The bill is a strict interpleader bill, and not a bill in the nature of an interpleader bill. Briefly stated, the case made by the bill is as follows: A firm of builders, doing business under the name of Noble & Van Aulen, agreed in writing with the complainant, by two separate contracts made on different dates, to erect and finish two double houses and two other buildings for two distinct sums, to be paid in certain specific parts as the work progressed; the contracts were filed in such manner as exempt the buildings from lien except to the contractors; the buildings have been completed,

and there remains in the hands of the complainant, of the moneys earned under the contracts, between $2,900 and $3,000; five orders, in favor of different persons, have been drawn by the contractors on the complainant and lodged with him, and thirteen different persons, who claim either to have furnished material or done work in the erection of the buildings, have served notices on the complainant asserting a right, under the third section of the Mechanics Lien law, to the moneys remaining, due on the contracts; some of these notices were served nearly at the same time; some are imperfect in form; some of the orders, perhaps all, are drawn in such form as to render it uncertain whether, without the aid of extrinsic evidence, they are entitled to be regarded as equitable assignments of the money in question; the total amount of the orders and notices is largely in excess of the sum still remaining due to the contractors; and each of the several claimants insists that he is entitled to be paid the whole of his claim out of the fund in controversy. The complainant claims to occupy a position of neutrality towards all of the claimants, and offers to bring the moneys in dispute into court, in order that the claimants may, by a litigation among themselves, have their respective rights to it determined. The fund being insufficient to pay all the claims, and the rights of the claimants being uncertain and disputed, there would seem to be no doubt, if his bill discloses the whole case, that the complainant is entitled to the protection he asks.

Two of the defendants—Joseph Kingsland and Thomas A. Murphy—have, besides answering, filed cross-bills, asking that affirmative relief may be given to them against the complainant. Stated in substance, Mr. Kingsland's cross-bill alleges that the contractors, in April, 1889, drew an order in his favor on the complainant, which, in July, 1889, was delivered to the complainant and verbally accepted by him, on condition, however, that Kingsland should complete certain work in the two double houses, mentioned in one of the contracts, and when this work was completed, the order should be paid. It is then alleged that Kingsland completed the work required, but that the complainant has, on demand, refused to pay the order. A decree is asked

compelling the complainant to pay the amount of the order, with interest and costs.

The cross-bill of Mr. Murphy alleges that two orders were drawn by the contractors in his favor on the complainant—the first, for $1,300, bearing date April 11th, 1889, and the second, for $600, bearing date May 20th, 1889—and that the first was delivered to the complainant and left with him on the day of its date, and the second was delivered to him and left with him May 22d, 1889. It is then charged that the drawing of these orders by the contractors, and the delivery of them to the complainant, operated as equitable assignments of so much of the moneys as had, prior to the date of the delivery of the orders, been earned under the contracts and as should be subsequently earned under them, as would be sufficient to pay the orders. The cross-bill then alleges, that, three days after the delivery of the second order, namely, May 25th, 1889, the complainant, of his own wrong and in violation of the rights of Murphy, and without Murphy's knowledge, paid over to the contractors $800 of the moneys which, prior to that date, had been earned under the contracts, and thus reduced, to that extent, the fund which he offers to pay into court. Plainly stated, the charge is this : that the complainant, with full knowledge of Murphy's right, paid to the contractors $800, which in equity belonged to Murphy. Murphy prays that in case the court, in disposing of the fund in dispute, shall find that he is not entitled to enough of it to satisfy both of his orders, with interest, that a decree may then be made in his favor against the complainant for the whole or such part of the $800 as may be required to satisfy the debt which his orders represent.

The complainant moves to strike out the cross-bills, on the ground that in a strict interpleader suit no defence can be made by cross-bill. The reason assigned for this contention is, that such suit cannot be maintained unless it is shown that the complainant stands in a position of perfect neutrality towards all the defendants. To maintain such a suit he must occupy the position of an indifferent stakeholder, and if he does not, and it is made to appear that he is under a personal obligation to one of the

defendants in respect to the subject-matter of his suit, his bill, as to that defendant, must be dismissed. That this view is correct would seem, from the nature of the remedy and the character of the proceeding, to be undeniable. A strict interpleader bill can only be exhibited, where two or more persons claim the same debt, duty or other thing from the plaintiff, by different or separate interests; and he, not knowing to which of the claimants he ought of right to render the debt, duty or other thing, fears that he may suffer injury from their conflicting claims, and therefore he prays, that they may be compelled to interplead and state their several claims, so that the court may adjudge to whom the debt, duty or other thing belongs. *Story Eq. Pl.* § *291.* "The definition of interpleader," said Lord Cottenham, in *Hoggart* v. *Cutts, Craig & P. 198, 204,* "is not and cannot now be disputed. It is where the plaintiff says, 'I have a fund in my possession in which I claim no personal interest, and to which you, the defendants, set up conflicting claims; pay me my costs, and I will bring the fund into court, and you shall contest it between yourselves.' The case must be one in which the fund is matter of contest between two parties, and in which the litigation between those parties will decide all their respective rights with respect to the fund."

The only decree which can be made in a strict interpleader suit in favor of the complainant and against the defendants, is that the complainant's bill was properly filed, giving him leave to bring the property in dispute into court, and allowing him costs out of the property and directing the defendants to interplead and settle the conflicting claims which they set up to the property among themselves. From the nature of the remedy this is the only decree which it is possible for the court to make in favor of the complainant. A very different decree may, however, be made where a complainant seeks relief by a bill not strictly an interpleader bill, but a bill in the nature of an interpleader bill. But by a bill of the latter kind the complainant always asks some relief besides simple protection against conflicting claims set up by different persons to the same debt, duty or other thing. Among the instances given, in which it is proper

for a person to seek relief by a bill in the nature of an interpleader bill, is that of a mortgagor who wants to redeem his land from the lien of a mortgage, but who is unable to do so with safety because different persons make conflicting claims to the mortgage debt. In that state of affairs, the mortgagor may bring the hostile claimants before the court in order that their rights to the mortgage debt may be determined and such direction given as to whom it shall be paid as will enable the mortgagor to pay with safety. But, in such case, the relief given, it will be observed, extends beyond simple protection against conflicting claims—active relief is given to the complainant by permitting him to discharge his land from a burden resting on it. *Story Eq. Pl.* § *297 a, 297 b;* *Bedell* v. *Hoffman, 2 Paige 199,* *200.*

An examination of the authorities will show that the doctrine is well established, that if a defendant in a strict interpleader suit shows that the complainant is under a personal obligation to him in respect to the matter concerning which the complainant asks that the defendants shall be compelled to interplead, so that the litigation among the defendants under a decree directing them to interplead will not determine the right of such defendant as against the complainant, the bill as against such defendant must be dismissed. Sir John Leach so held in *Mitchell* v. *Hayne, 2 Sim. & S. 63.* Chancellor Vroom, in *Lozier* v. *Van Sann, 2 Gr. Ch. 325,* quoted the doctrine laid down in *Mitchell* v. *Hayne* with approbation. The best statement of the settled doctrine on this subject, which has come under my observation, is that made by Lord Cottenham, in *Crawshay* v. *Thornton, 2 Myl. & C. 1, 19.* He said, in substance, in that case: The case tendered by every bill of interpleader ought to be such that the whole of the rights claimed by the defendants may be determined by the litigation between them, and that the plaintiff is not under any liabilities to either of the defendants beyond those which arise from the title to the property in contest; because, if the plaintiff has come under any personal obligation, independently of the question of property, so that either of the defendants may recover against him at law, without establishing a right to the

property, it is obvious that no litigation between the defendants can ascertain the right of such defendant as against the plaintiff. And the injunction, which is of course if the case be a proper subject for interpleader, would deprive a defendant, having such a case beyond the question of property, of part of his legal remedy, with the possibility at least of his failing in the contest with his co-defendants; in which case the injunction would deprive him of a legal right, without affording him any equivalent. or compensation. Such a case, undoubtedly, would not be a case for interpleader.

This doctrine is a concomitant of the remedy. It flows naturally and necessarily from it. A bill of interpleader can in no case be maintained except the complainant stands simply as a stakeholder, occupying a position of perfect neutrality towards all the defendants. The only relief he can have, in case he shows that he is entitled to the remedy, is permission to bring the thing, about which the defendants are disputing, into court, and thus be discharged from all liability in respect to it. If he does not succeed in establishing a case which entitles him to this relief against any one of the defendants, his bill as to that defendant. must be dismissed. And a dismissal is the only relief which it is possible for the court, in consequence of the nature of the remedy, to give a defendant. That may always be obtained on answer alone. A cross-bill has, therefore, no office or place in such a suit.

The complainant's motion must prevail.