BRADFORD L. WILLIAMS

*v.*

GEORGE F. MATTHEWS et al.

1. The recitals of a bill of strict interpleader should give so full a statement·
of complainant's claim as to demonstrate that he has no interest in the thing.
in controversy.

2. Complainant cannot adjust his own claims against the matter in contro-
versy, and ask defendants to interplead as to the balance. Strict interpleader is·

·where the depositary holds as depositary merely, and the claims are made ·against him in that character only.

3. Defendants may raise an issue as to complainant's averment that he is a ·disinterested stakeholder, and such issue is to be tried according to the practice ·of the court.

4. While the amount is not an issue to be settled by decree in a strict interpleader, it may be inquired into to ascertain whether complainant can maintain the suit.

On motions to strike out parts of answers.

*Mr. Lewis Starr*, for the complainant.

*Mr. G. A. Vroom*, for Pfeiffer & Sons; *Mr. William H. Jess*, for Marshall and others; *Mr. H. M. Snyder*, for Budd & Bro.; *Mr. Howard Carrow*, for Matthews and others.

GREEN, V. C.

Bradford L. Williams, the complainant, on the 29th day of October, 1889, entered into a contract in writing with George F. Matthews, one of the defendants, whereby the latter agreed to build for the former three houses in the city of Camden. The bill makes no further statement as to the terms of the agreement, not giving the amount of money agreed to be paid, or the times or terms of payment. It alleges that the contract was filed in the office of the clerk of Camden county, November 4th, 1889. It does not allege whether the houses have been completed according to contract or not, or how much he has paid on account of said buildings. It simply states that there is due from complainant to Matthews, on account of the agreement for building said houses, the sum of $1,416.13, and that the other defendants, at various times, served notices upon him, as creditors of Matthews, to retain in his hands the amount of their respective claims. The bill prays that the defendants interplead, and on paying the money into court the usual injunction was issued.

The defendant Matthews, the contractor, in his answer, among other things, denies that there is due to him only the sum of $1,416.13, and avers that there is due him from complainant on

said contract the sum of $2,050, for building said houses. He insists that a full account should be taken, and that complainant should produce before the court all books and papers relating to the contract and its execution.

The answers of the other defendants contain averments of the same import, substantially, as that of Matthews, but with less definiteness as to amount.

Motion is made, under the rule, to strike out so much of the several answers as raise a question as to the amount due as stated in the bill, and as relates to the production of books and papers and accounting.

This purports to be a bill of strict interpleader. The claim of Matthews, from which complainant seeks relief by this bill, is the amount due him on his contract. The claims of the other defendants are for specific portions of that balance, and as they aggregate more than that sum, there is a strife as to priorities. The money due on that contract is the subject-matter of the controversy.

To sustain such a bill, it is necessary that the complainant have no interest in the thing in controversy, and he should, in his bill, state his own rights so as to negative any such interest. *Story Eq. Pl.* § *292.* In his bill he must state his own claims. *Mitf. Pl. 49.*

The bill, to justify its pretensions as a bill of strict interpleader, should have given so much of the contract, and its execution and payments under it, as would have demonstrated to the court that there was only a certain amount due, with reference to which the complainant was simply a stakeholder. If, on complainant's presentation of the case, it appears on the face of the bill that it is not a proper case for interpleader, demurrer will lie. But if the bill should show such a case, a defendant may, by answer, deny the allegations in the complainant's bill, or set up distinct facts in bar of the suit, and such issue is to be tried according to the practice of the court. *Story Eq. Pl.* § *297 a; 2 Dan. Ch. Pr. 1675; City Bank* v. *Bangs, 2 Paige 570; Statham* v. *Hall, Turn. & R. 30; Hall* v. *Baldwin, 18 Stew. Eq. 858, 865.*

Williams v. Matthews.

Portions of these answers objected to question the amount stated in the bill to be due on the contract. While it is not a matter over which an issue can be framed for settlement in a suit of strict interpleader, it may be inquired into to ascertain if the action is maintainable, that is, as the only proper decree is that the defendants interplead or the bill be dismissed, the decree cannot adjudge this or that amount due, but the amount offered to be paid into court may have a controlling influence in deciding if the complainant is simply a disinterested stakeholder, and for that purpose be inquired into. There is nothing on the face of this bill to demonstrate what is due; the averment is made, but no facts are given to verify the statement. If, as was alleged on the argument, the complainant made his own adjustment of his own claims, made allowances to himself and struck his own balance, over which he asks the defendants to litigate, they are not to be concluded by his averring that such sum is the amount due, and that he is indifferent. They may, by answer, show he is not so, and is interested in the matter of the controversy. In *Crawshay* v. *Thornton, 7 Sim. 391, 397,* Sir L. Shadwell, V. C., says, "Interpleader is where the depositary holds as depositary merely, and the claims are made against him in that character only."

In *B. & O. R. R.* v. *Arthur, 90 N. Y. 234,* plaintiff, being sued by one Arthur for $2,476.52 for merchandise, and being warned by one Power not to pay Arthur, brought suit, tendering to pay into court the $2,476.52, less $21.83 to be deducted for freight due for transportation of the merchandise. Judge Danforth, delivering the opinion of the court of appeals, among other things, said: "The plaintiff claims to retain from it [the value of the goods] an alleged indebtedness for freight. The amount due cannot be the subject of controversy in an interpleader suit, and this difference between the debt claimed by the defendant and the sum which the plaintiff is willing to pay, presents an insuperable objection to its prosecution, for, as to so much, it does not admit title, or right of payment, in either claimant."

Williams v. Matthews.

In *Mitchell* v. *Hague, 2 Sim. & S. 63,* plaintiff was an auctioneer, and had sold an estate for one defendant. The other defendant was the purchaser, who had commenced an action against the plaintiff for the deposit. The bill was filed for an interpleader and injunction to restrain the prosecution of the action. It appeared that the plaintiff had received a deposit of £87, and claimed to retain £27 as his commissions, and called on defendants to interplead as to £60. Sir John Leach, V. C., said, "The plaintiff is not an indifferent stakeholder, but has a personal question to maintain with the purchaser," and refused an injunction.

In *Bignold* v. *Audland, 11 Sim. 23,* the case, as made by the bill, raised one question as to whether plaintiff was chargeable with interest on the amount in hand, and another as to costs in an action with reference to the stake money. Sir L. Shadwell, V. C., said, "It is obvious that the plaintiff has an adverse claim in respect to the subject-matter of the bill," and held it not a case of interpleader.

In *Moore* v. *Usher, 7 Sim. 384,* £500 had been placed in the hands of plaintiff for a certain purpose; he had paid out £60, as he claimed, lawfully; he was sued by the administrator of the party depositing the money for the whole amount, and for the £440 by another person who claimed to have earned that sum— the balance in hand. Plaintiff filed his bill to require defendants to interplead as to the £440. The vice-chancellor, on a motion for an injunction on the payment of £440 into court, said (at *p. 390*), "The plaintiff stands in a position in which no plaintiff in a bill of interpleader ever stood before, for he has to litigate a question as to the right to part of the fund with one of the litigant parties."

Under these authorities, if the amount brought into court is not the difference between the payments and the contract price, but the result of complainant's own adjustment of deductions he thinks should be made, the defendants are entitled to show that the amount has been so fixed, and to make the averments to that end in their answers. We are not without precedent in our own state for an investigation of this character in such a suit. *Supt.*

*·and Trust. Pub. Schools* v. *Heath, 2 McCart. ·22,* was an interpleader by complainants, who were indebted to the contractor for building, there being mechanics lien claims for more than the amount admitted to be due. An order of reference was made to a master to ascertain and report the amount of the debt due to the contractor, and the respective amounts of the several claims of the defendants and their order and priority. Although it is stated in the opinion that the suit had been amicably conducted, and that no technical or formal objections had been suggested or relied upon, no adverse criticism is made with reference to the inquiry into the amount actually due.

I am of opinion that the defendants are entitled to aver and prove any facts which show that the complainant is not entitled to maintain his action as a strict interpleader, and will advise an order denying so much of the motion as proceeds against those parts of the answers respectively taking issue with the averment of the bill as to the amount due, and alleging defects in the bill for insufficient statements of the amount. As to so much of the answers as look for specific relief, none can be given, and the motion to that extent should be granted. *Wakeman* v. *Kingsland, 1 Dick. Ch. Rep. 103.* I will settle the parts of each answer to be stricken out, under the views herein expressed, at the convenience of counsel.