JAMES STEVENS

*v.*

WARD B. ROBINSON et al.

[Decided July 8th, 1922.]

1. A bill of strict interpleader cannot be treated as a bill in the nature of a bill of interpleader, as this would be equivalent to allowing a new cause of action to be stated by amendment.

2. Under chancery rule 69, where defendants have answered a bill of interpleader and contested the complainant's right to compel them to interplead, the only issue is the complainant's right to the relief asked for.

3. Persons supplying labor and materials to a contractor were privileged to assume that an installment would not be paid to the contractor until it was due and payable under the contract, and the owner's payment thereof to the contractor before it became due and payable did not absolve him from liability to laborers and materialmen serving statutory stop-notices.

4. An owner, completing his building upon the contractor's default, cannot maintain a bill to compel laborers and materialmen to interplead with each other with respect to the balance of the contract price where they claim that the owner is liable for a larger amount because of a payment made to the contractor before it was due, and there is a substantial issue as to whether or not such payment was made.

5. While a bill of strict interpleader is not defeated by the mere presentation of an issue touching the amount for which the complainant is liable, if the issue is real and substantial and supported by a great amount of testimony, and the conflict of testimony renders a finding of fact difficult and uncertain, such bill must be dismissed.

On hearing on bill of interpleader.

*Mr. Edward West,* with whom was associated *Mr. Harvey F. Carr,* for the complainant.

*Mr. Oscar B. Redrow,* for the defendant Robinson.

*Mr. Francis G. Homan,* with whom was associated *Mr. Howard L. Miller,* for the defendant Wilson Brothers.

*Mr. Charles W. Letzgus,* for the defendants West and others.

LEAMING, V. C.

The sole question for determination at this time is whether complainant is entitled to a decree permitting him to pay into this court certain money which he claims to hold as a mere stakeholder and to compel the several defendants to interplead with each other touching their several rights to the fund. This decree, if awarded, will be operative to wholly discharge complainant from liability to the several defendants touching the matters referred to in the bill, and will entitle him to his costs payable from the fund.

The bill filed by complainant is a bill of strict interpleader. It is impossible to treat the bill as a bill in the nature of a bill of interpleader; to do so would be essentially equivalent to allowing a new cause of action by amendment.

The several defendants have answered the bill and by their answers contest the right of complainant to compel them to interplead. Under the present practice, as controlled by chancery rule 69, the single issue is that of complainant's right to relief.

Complainant caused certain buildings to be erected on his land under a written contract duly filed. The contract called for the payment to the contractor of the contract price in installments, payable at certain times to be determined by the progress of the work. By the terms of the contract the fifth installment, $4,000 in amount, was to be paid to the contractor "when the two corner stores are fully completed and ready for occupancy and all buildings lathed and plastered." Complainant claims that this installment of the contract price became due and payable and was paid by him to the contractor; that the contractor then abandoned the work and that complainant then caused the buildings to be completed in accordance with the contract plan and paid the cost of comple-

tion out of the final contract installment. The balance of the final contract installment complainant has paid into court and now seeks to compel defendants to interplead as to their respective rights to that fund.

The claims of the several defendants are based upon statutory stop-notices served by them after the contractor abandoned the work. Their claim is that the $4,000 installment was paid by complainant to the contractor before it was due and that it was not due when the contractor abandoned the work and when the stop-notices were served.

It is obvious that the several defendants, who supplied labor and materials to the contractor, under our statute were privileged to assume that the $4,000 installment would not be paid to the contractor until it was due and payable to the contractor under the terms of the contract; accordingly, if that installment did not become due and payable to the contractor, its payment to the contractor in no way absolved complainant from liability to the several defendants for the amount of that installment.

A number of witnesses on behalf of defendants have testified that the two corner store buildings were not completed by the contractor and that the two corner stores were in fact completed in part by the new contractor whom complainant employed to finish the work.

Testimony was also given on behalf of defendant Robinson, to the effect that complainant had personally contracted to pay him, Robinson, for the lumber supplied by him to the contractor; this was in turn denied by complainant.

A great amount of testimony was taken on the issue of whether or not the two corner stores were fully completed and ready for occupancy and all the buildings lathed and plastered at the time the $4,000 installment was paid to the contractor. On this issue the testimony is in irreconcilable conflict in most respects. It was established as an admitted fact that at that time the toilets of each of the two stores referred to had not been put in, and that the registers controlling the heat from the basement were not installed in the stores by the contractor, and that the furnaces were not in-

stalled and that the cesspools for the use of the two corner stores had not been constructed, nor had the plumbing been extended to the locality where the cesspools were to be placed. Some of the witnesses testified that the trim had not been in place in one of the corner stores referred to; that the doors were not on one of the corner stores; that the woodwork of one of the corner stores had not been stained or varnished. On the other hand, witnesses on behalf of complainant testified that all of these things had been done except the installation of the toilets, registers, furnaces, cesspools and cesspool plumbing already referred to.

From the foregoing it is sufficiently apparent that the primary issue involved herein, aside from the rights asserted by defendant Robinson, is whether or not the $4,000 installment which was paid by complainant to the contractor became due and payable under the terms of the contract. If it did not become due, it is obvious that the defendants, relying on stopnotices, are entitled to recover from complainant to the same extent as though that contract installment had not been paid to the contractor.

I am convinced that in the circumstances above outlined complainant is not entitled to a decree compelling defendants to interplead touching the funds which complainant claims to be the limit of his liability.

The controversy in this case is not touching the rights of the several defendants as against each other, but is in reality a controversy as to the amount for which complainant is liable.

While many authorities hold that any dispute touching the amount for which complainant is liable will defeat a bill of strict interpleader, I think it may be said that the mere presentation of that issue by defendants should not deny the court the right to inquire into and ascertain whether a real and substantial dispute of that nature exists. But when, as here, it is disclosed that that issue is a real and substantial one, and where, as here, the claim of defendants to a liability upon the part of complainant of a larger amount than complainants admits, and of a wholly different nature than that

asserted by complainant, is supported by a great amount of testimony, and the conflicting testimony renders a finding of fact difficult and uncertain, it seems clear that the office of a bill of strict interpleader fails. I think that no case will be found to justify an adjudication of the amount due under a bill of strict interpleader where that issue is a real and substantial one and is the real question in controversy.

In *Diplock* v. *Hammond, 2 Sm. & G. 141,* B undertook to pay to A the sum of three hundred and sixty-five pounds sterling at a particular time, and afterward paid him forty pounds sterling on account. A then assigned the sum of three hundred and sixty-five pounds sterling alleged to be due to him from B both to C and D, and C and D each claimed the right to be paid this sum from B. B filed a bill of interpleader against C and D, stating payment of the forty pounds sterling on account and requiring them to interplead as to the remaining three hundred and twenty-five pounds sterling. *Held,* that on account of the difference of the two sums of three hundred and sixty-five pounds sterling and three hundred and twenty-five pounds sterling, interpleader would not lie. To the same effect is *Mitchell* v. *Hayne, 2 Sim. & St. 63,* and *Moore* v. *Usher, 7 Sim. 383.* In *Bignold* v. *Audland, 11 Sim. 23,* A, having in his hands a sum of money which B and C claim adversely to each other, filed a bill praying that they might interplead respecting the sum. It was held that the bill could not be sustained as a bill of strict interpleader, because A sought a decision of the court as to a claim of B for interest on the sum, the court holding that A was not in such circumstances an indifferent stakeholder. See, also, *Crawshay* v. *Thornton, 2 My. & Cr. 1.*

In *Chamberlain* v. *O'Connor, 8 How. Pr. 45,* it is specifically held that where the amount due from complainant is not beyond the field of dispute no interpleader can be allowed. See, also, *City Bank* v. *Bangs, 2 Paige 570,* and *Montpelier* v. *Capital Savings Bank, 75 Vt. 433.*

In *Bridesburg Manufacturing Co. Appeal, 106 Pa. St. 275,* the complainant denied that he was liable for interest on the fund. Defendants affirmed in their answers that he was liable

for interest on the fund in dispute. That issue was held to be fatal to the bill.

See, also, *Baltimore and Ohio Railroad* v. *Arthur, 90 N. Y. 234,* cited in *Williams* v. *Matthews, 47 N. J. Eq.* (at *p. 199*).

See, also, *Wakeman* v. *Kingsland, 46 N. J. Eq. 113.*

In *Williams* v. *Matthews, supra,* the vice-chancellor said (at *p. 199*) : "Portions of these answers objected to .question the amount stated in the bill to be due on the contract. While it is not a matter over which an issue can be framed for settlement in a suit of strict interpleader, it may be inquired into to ascertain if the action is maintainable—that is, as the only proper decree is that the defendants interplead or the bill be dismissed, the decree cannot adjudge this or that amount due, but the amount offered to be paid into court may have a controlling influence in deciding if the complainant is simply a disinterested stakeholder, and for that purpose be inquired into. There is nothing on the face of this bill to demonstrate what is due; the averment is made, but no facts are given to verify the statement. If, as was alleged on the argument, the complainant made his own adjustment of his own claims, made allowances to himself and struck his own balance, over which he asks the defendants to litigate, they are not to be concluded by his averring that such sum is the amount due, and that he is indifferent. They may, by answer, show he is not so, and is interested in the matter of the controversy."

It is urged on behalf of complainant that at the time the $4,000 installment was paid to the contractor but little work, at most, needed to be done to render the installment due and payable, and that the contractor could have maintained an action at that time for substantial compliance giving credit for the unfinished work. Should that be conceded, it is obviously unavailing. If the installment was not due and payable when it was paid, lawfully it could not have been paid to the contractor as against the rights of defendants.

I am obliged to advise a decree dismissing the bill.