THE COUNTY PARK COMMISSION OF CAMDEN COUNTY, complainant-respondent,

*v.*

CLARA R. BIGLER et al., defendants-appellants; MARY S. SIMON, defendant-respondent.

[Argued and Decided May 26th, 1937.]

For the appellants, *Mr. Samuel Gelfand* (*Mr. Harry Grossman,* of counsel).

For the defendant-respondent, *Elmer G. Van Name.*

For the complainant-respondent, *Mr. Henry M. Evans* (*Mr. Henry F. Stockwell,* of counsel).

The opinion of the court was delivered by

PARKER, J.

There are two appeals. The first is from an order denying a motion to dismiss the bill of complaint (a) as not setting up any cause for equitable relief against appellants; (b) for lack of jurisdiction to grant the relief prayed. The second appeal is from the award of a temporary injunction aimed at maintaining the *status quo* pending the action; and on the same grounds.

The bill is in substance and effect a bill of interpleader. The complainant, invoking powers of eminent domain con-

ferred by chapter 331 of the laws of 1926, instituted proceedings to take by condemnation lands owned by the defendants Bigler and subject, with other lands, to a mortgage of over $30,000 held by the defendant Simon. All these were parties to the original proceeding, which resulted in an award of $11,934. The complainant appealed to the circuit court, and secured a reduction to $10,165; but the mortgagee, perhaps by oversight, was not included in the appeal. About the same time the mortgage was foreclosed and sale made to the mortgagee after the award on appeal. But defendants Bigler, holding the judgment on the award, issued execution, and levied on funds in bank of the complainant, which, faced with the award for which normally it would be liable on the one hand, and with the facts on the other that the mortgagee claimed not to be bound by such award on appeal, and to have acquired a title to the land by foreclosure sale, filed the present bill tendering the award to whomsoever the court should adjudge is entitled to it. The mortgagee Simon has answered and counter-claimed, expressing a willingness to accept the award in lieu of the decree in foreclosure.

Whatever be the result of this case on final hearing, and without expressing any opinion at this time as to what that result should be, we are entirely clear that the court of chancery properly assumed jurisdiction of the controversy, and with equal propriety undertook to preserve the subject-matter for further adjudication.

The orders under review will therefore be affirmed, with costs.

*For reversal*—None.