The complainant, the County Park Commission of Camden County, is a public corporation under the provisions of an act of the legislature of the State of New Jersey entitled "An act to establish public parks in certain counties in this state and to regulate same," being chapter 331 of the laws of 1926. The bill filed herein is in substance and effect a bill of interpleader,County Park Commission, Camden County v. Bigler, 122 N.J. Eq. 74.
The complainant seeks a determination by the court of the respective interests of the defendants herein in moneys due upon a judgment entered against the complainant on an appeal from the award in condemnation proceedings to take lands, instituted by complainant under the provisions of the act above referred to; said judgment was entered in the Camden county circuit court and a levy was made thereunder by the sheriff, one of the defendants herein, upon moneys of the complainant on deposit in the defendant trust company. The defendants Clara R. Bigler and George E. Bigler, her husband, were the owners of such lands during the condemnation proceedings and now claim the amount of the judgment, subject to a claim therein by the defendant Joseph Varbalow for his fees as their attorney. The defendant Mary S. Simon claims the entire amount by reason of her ownership of a mortgage on said lands, which mortgage was, during the pendency of the condemnation proceedings, foreclosed, and by reason of her purchase at the foreclosure sale whereby she obtained title by sheriff's deed. All of such claims are subject to the payment of taxes or municipal liens against said lands. *Page 380 
The park commission, on January 14th, 1929, instituted before Hon. Frank S. Katzenbach, Jr., then one of the justices of the supreme court, certain proceedings entitled "In the matter of the application of the County Park Commission of Camden County, for the appointment of commissioners and for the acquisition of lands or rights in lands for a public park for public resort and recreation in the Township of Delaware, County of Camden and State of New Jersey, and to condemn certain lands of Clara R. and George E. Bigler for said purposes." The title to the land in question was then in defendant Clara R. Bigler; defendant Mary S. Simon (and her husband, now deceased) held a mortgage made by the Biglers dated May 4th, 1926, for $31,000, covering, inter alia, the land in question. The respondents in the condemnation proceedings were the Biglers, Mary S. Simon and Michael Simon, the latter of whom died after the institution of such proceedings. Commissioners were appointed and in their report, filed November 19th, 1929, awarded "the sum of $11,934 as the value of the said lands and damages thereto as aforesaid, everything having been taken into consideration as the statute provides in arriving at such sum, this sum, however, being in full payment for said lands and damages as aforesaid, free and clear of all encumbrances thereon."
Thereafter, on December 13th, 1929, the park commission, after having given notice of appeal to Clara R. and George E. Bigler and Joseph Varbalow, Esq., their attorney, filed its petition of appeal in the Camden county circuit court upon which an issue was framed as follows: "What is the value of the land in question or rights in the land of Clara R., George E. Bigler, and the damages sustained by them, if any, by the taking and condemnation thereof by the County Park Commission of Camden County?"
The trial on such appeal took place before Mr. Justice (then circuit judge) Donges and a jury. The transcript of the record of this trial, offered in evidence here, discloses that there was no appearance for Mary S. Simon, although her attorney, Elmer E. Van Name, Esq., was called by Judge *Page 381 
Varbalow, attorney for the Biglers, as a witness and produced the bond and mortgage for $31,000 held by her upon the lands under condemnation. Upon the verdict of the jury, the record shows the judgment entered in the Camden circuit Court to be as follows:
"Clara R. Bigler and | George E. Bigler, | Appellees, | | $10,165.00 Damages. v. Joseph Varbalow, | Atty. County Park Commission of | Camden County, | Appellants. |
Judgment rendered against County Park Commission of Camden County, the above named appellants, at the suit of Clara R. Bigler and George E. Bigler, the appellee therein, in an appeal from the award of Commissioners, c., in the Circuit Court in and for the County of Camden for the sum of ten thousand one hundred sixty-five dollars damages.
Judgment entered and signed this tenth day of January, A.D. nineteen hundred and thirty.
 RALPH W.E. DONGES, Judge."
After the entry of such judgment, the proceedings in foreclosure of the Simon mortgage continued to a final decree and the lands were sold on January 16th, 1931, by the sheriff of Camden county under an execution issued out of the court of chancery, to Mary S. Simon for the sum of $10,200, which sale was afterwards confirmed; a deed, dated March 12th, 1931, was executed by the sheriff to her conveying (inter alia) the lands described in such condemnation proceedings whereby she became vested of the title in such lands subject to the right of complainant to acquire the same under the condemnation proceedings instituted by it upon compliance with the provisions of the statute. Thereafter a deficiency judgment was entered by Mary S. Simon against the Biglers for the sum *Page 382 
of $25,552.86, upon which an execution was issued and a levy made upon a bank account of defendant George E. Bigler and upon certain other personal property. Said George E. Bigler was discharged in bankruptcy on December 17th, 1928. After the levy made under the deficiency judgment entered against the Biglers, Mr. Bigler filed a bill in this court seeking to nullify such judgment because of the bankruptcy proceedings, notwithstanding his failure to list in his schedule of liabilities in such proceedings the bond upon which such judgment was entered. Afterward, for a nominal consideration, a warrant of satisfaction was executed by Mrs. Simon and the deficiency judgment canceled, and the litigation concerning the same was terminated by a dismissal of the bill of complaint consented to by the defendant Mary S. Simon. Such proceedings as were taken by Mrs. Simon under the deficiency judgment, including its cancellation, I have concluded have no effect in the determination of the disposition of the money represented by the judgment entered in the circuit court on appeal, and I am therefore disregarding the testimony taken conditionally respecting the same.
After the entry of the circuit judgment against the complainant on January 10th, 1930, on appeal from the award of the commissioners in condemnation, it appeared that the funds of the park commission for the acquisition of land were so curtailed that the park commission was unable to pay the amount of the award, and that sometime in January, 1931, the commission was notified by the solicitor of the defendant Mary S. Simon that she had purchased at sheriff's sale the lands condemned in the proceedings by the park commission; and a letter was sent to the park commission by Judge Varbalow, dated January 27th, 1931, in which he warned the commission not to make payment of the judgment on appeal without taking care of his counsel fee and the costs which he had incurred in the total amount of $4,001.68 as set forth in a copy of his bill to Clara R. Bigler attached to the letter.
On March 24th, 1932, a petition was presented to the Camden county circuit court by the defendant herein Mary *Page 383 
S. Simon in which she sought to be substituted of record in the place and stead of George E. Bigler and Clara R. Bigler as the person entitled to receive payment of the judgment entered against the County Park Commission on January 10th, 1930, and to have her counsel substituted as attorney of record in the place and stead of Joseph Varbalow. Upon this petition a rule to show cause was made by Judge Eldridge, which rule was, on April 8th, 1932, dismissed, but without prejudice to the rights of the respective parties.
No further proceedings in that court seem to have been taken, either for the collection of the judgment or for the determination of the question as to whom the sum should be paid, until October, 1936, when the park commission, having funds in hand to meet such judgment, through its attorney informed Judge Varbalow that such money was available and that settlement would be made if it could be determined to whom the money should be paid. Very shortly afterward, on October 21st, 1936, Judge Varbalow, without notice to the park commission or to the defendant Mary S. Simon or her attorney, caused an execution to be issued out of the circuit court on behalf of Clara R. and George E. Bigler, and thereupon a levy was made by the sheriff of Camden county upon funds of the park commission on deposit in the First Camden National Bank and Trust Company in the sum of $15,000. After the levy had been made, Judge Varbalow, on behalf of the Biglers, applied in the circuit court for a rule to show cause why the bank should not be required to pay to the sheriff the amount due upon the execution then in the sheriff's hands, and a rule to show cause was made upon this application by Judge Palmer. A petition was filed by Elmer G. Van Name, Esq., representing Mary S. Simon, setting up the purchase of the lands so condemned by the park commission under foreclosure proceedings and asking for the vacation of the writ of execution and the levy thereunder, and for the payment of the money so levied upon to the clerk of the circuit court in order that Mrs. Simon's right to the fund, by reason of her ownership of the property condemned, could be *Page 384 
litigated. These matters came on before Judge Palmer and he held that the statute, P.L. 1926 ch. 331, gave him no power or authority to then attempt to determine the respective rights of the parties to the money due upon the judgment, and an order was thereupon made, on December 21st, 1936, requiring the bank, the depository of the park commission, to pay to the sheriff of Camden county a sum, not exceeding $15,000, sufficient to satisfy the execution.
On the same day the complainant filed its bill of complaint herein, and an order was made directing all the defendants to show cause why they should not be enjoined and restrainedpendente lite in accordance with the prayer of the bill; the order to show cause further provided that the bank, in the interim, be restrained from paying the moneys so levied upon to any of the defendants in this cause. At the hearing on its return, the order to show cause was made absolute; and a motion on behalf of defendants Bigler and Varbalow, to dismiss the bill of complaint, was denied. On appeal to the court of errors and appeals, the latter orders under review were affirmed. CountyPark Commission, Camden County v. Bigler, supra.
It seems to me quite clear that the complainant herein is entitled to the relief which it seeks. The statute above cited invested the park commission with the power to take these lands by condemnation. Section 4 sets up the procedure which has been followed by the complainant, and provides, among other things, that the commissioners appointed shall
"4. * * * proceed to view and examine the lands or rights in lands, and to make a just and equitable appraisement and assessment as aforesaid, to be paid by the said board, which report shall be made under the hands of the said commissioners, or any two of them, and within fifteen days thereafter, together with the description of the lands or rights in lands, and the appointment or oaths or affirmations aforesaid shall be filed in the clerk's office of the county within such lands are situate, to remain of record therein, and thereupon, and on payment or tender of payment of the amount so awarded to the party or parties entitled thereto, the said board is authorized and empowered to enter upon and take possession of the said lands and rights in lands; and all titles thereto for the purpose for which the same is *Page 385 
taken shall, upon payment, or tender, pass from the said owners and parties interested to the said board in trust for the said county in and for which they are appointed; and in case of any dispute between any owner or other party interested as to their respective rights or shares in and to the sum so assessed and ascertained under this act, then the said board is authorized to pay the sum assessed to the clerk of the county in which said lands are situate, to be paid out and disbursed to or among the parties entitled to the same, by the order of the circuit court of the said county, upon the application of any one or more of the said parties interested, on due notice to the others; * * *."
Section 5 of said act provides as follows:
"5. Every appeal from the appraisement and award of the said commissioners shall be made in the form of a petition to the said court, and notice thereof shall be given to the other parties within fifteen days after the filing of the commissioner's report and award, which proceedings shall vest in the circuit court the authority and power to hear and determine the questions of the value of the land or rights in lands and the damages sustained, if any, and thereupon the said court shall direct a proper issue to be framed between the said parties for the trial of the said question, and order a jury to be struck for the trial of the same, and a view to be had of the premises by the said jury, and the said issue shall be tried upon like notice and in like manner as other issues of fact are tried in said court; and it shall be the duty of the said jury to assess the value of the said land in question or rights in land, and the damages sustained, if any; and the party or parties appealing shall recover costs in such suit, if they shall succeed at the trial on the appeal in changing the valuation or assessment in his, her or their favor, and shall pay costs if they shall fail so to do, but no appeal shall prevent the said board from taking the land upon filing the commissioners' report and award, and payment or tender to the parties of the amount thereof, as herein provided; that upon the verdict of the jury fixing the value of the lands or rights in lands and damages, the court shall enter judgment for the amount thereof, with or without interest and cost, according to the provisions of this act and the principles of law applicable to the trial of similar issues in other cases, and the judgment soentered shall be the sum which the owner or owners and otherpersons interested are entitled to have from the said board forthe said lands or rights in lands and damages, and may be enforced in manner and form similar to other cases in which judgment is pronounced in said court, and when the commissioners' award is paid by the said board into court, as hereinbefore provided, it shall be the duty of the court to order the moneys so paid into court applied to the payment of the said judgment, and the surplus, if any, repaid to the said board." (Italics supplied.) *Page 386 
It seems entirely clear that the judgment entered in the circuit court on January 10th, 1930, represents the full sum which the owner, or owners, and other persons interested are entitled to have. The judgment which was entered in the circuit court determines the value of the land so condemned, and cannot be said to have the full effect of a personal judgment against the park commission in favor of Clara R. Bigler and George E. Bigler. Although the judgment was not properly entitled in the cause from which the appeal was taken as it should have been, and although notice of the appeal was given only to the Biglers (at a time when Clara R. Bigler was the holder of the title and Mary S. Simon the mortgagee), the effect of such judgment was merely to determine the amount of money to be paid by the park commission for said lands and all rights therein, including that of the mortgagee. In other words, the judgment or award merely took the place of the land. In this cause the mortgagee, Mary S. Simon, who afterward became the owner of the said lands, filed an answer and counter-claim in which she admits that the complainant is entitled to receive the legal title to said lands upon the payment to her of the amount of said judgment and expresses her willingness to accept the award, as determined on appeal and represented by the judgment entered in the circuit court, and, upon such payment, her willingness to convey to the complainant good title to the lands and premises described in the condemnation proceedings and in the amended bill in this cause.
It seems to me, notwithstanding the form of the various steps taken in the circuit court, that the statute above referred to settles beyond all question what the park commission shall receive as a result of its condemnation proceedings, viz., that the title to the condemned property shall be vested in the park commission in trust for said county of Camden free ofencumbrances, including municipal taxes and assessments.
The complainant could not, with safety to itself, have paid the judgment entered on appeal to the Biglers because of the adverse claims of the defendant Simon and the defendant *Page 387 
Judge Varbalow; therefore, in the circumstances as they existed at the time of the filing of the bill in this cause complainant was obliged to seek the aid of this court, and by the bill as amended it tendered, in effect, the amount then due upon said judgment to whomsoever this court determined the money should be paid.
The case of Bright v. Platt, 31 N.J. Eq. 81; affirmed by the court of errors and appeals, 32 N.J. Eq. 362, presented a situation similar to that involved in this cause. The Brights owned certain lands which were mortgaged to Platt. Foreclosure proceedings were instituted on the mortgage, and pending the foreclosure proceedings, the New Egypt and Farmingdale Railroad Company, under the provisions of the charter of that company (P.L. 1869 ch. 183), proceeded to condemn a part of the mortgaged lands. The Brights were the only parties to the condemnation proceedings, and no notice thereof was given to the mortgagee. The award of the commissioners directed the money to be paid to the mortgagors, the owners of the land. Under the charter of the railroad company the commissioners appointed by the justice of the supreme court were required to assess the value of the lands to be taken, and upon the report of the commissioners, the "owner or owners" were given the right to recover the amount of the valuation in an action of debt instituted against the company. No provision is made for the payment of money into the court except in case any one of the owners is under a legal disability. The Brights claimed that the award was to them alone, as owners, and that inasmuch as no notice had been given to the mortgagee, the latter had no interest in the award and could fully protect himself by a foreclosure of the condemned property. Chancellor Runyon in his opinion in the court of chancery disposed of the case under the essential powers of the court, regardless of any statute or charter provisions, all parties in interest being then before the court. The chancellor said (at p. 84):
"Nor is the position tenable that the fact that the award was made to Mr. and Mrs. Bright, is conclusive as to their *Page 388 
right to the money and decisive against the claim of the complainant thereto. * * *
"It is true, as against the company, the right of the complainant as mortgagee is unaffected by the proceedings in condemnation, for he was not a party to them. * * *"
(At pp. 85, 86): "But though such are the relations of the complainant and the railroad company at law, it is very clear that the latter, having paid the full value of the land and damages without deduction for or regard to encumbrances, has, under the circumstances, the right in equity to protection as against the lien of the mortgage. It is clearly proved that the award was for the whole value of the land and damages. It is undeniable that it would be highly inequitable to direct the payment of the whole award to Mr. and Mrs. Bright, and subject the company to the liability to pay the mortgage or any part of it. The effect of making the complainant a party to the condemnation proceedings would have been merely to bind him thereby and transfer to the company his interest as mortgagee. The award would still have been to the owner, and the complainant must have had recourse to this court to secure his interest therein, if it had not been conceded. McIntyre v. Easton andAmboy Railroad Co., 11 C.E. Gr. 425. Although the award did not (because he was not a party to the proceedings) prohibit him from enforcing the lien of his mortgage on the land, as against the company, he was at liberty to deal with the award as a conversion of part of the mortgaged premises into money, and enforce his lien thereon. Equity required him to take that course, under the circumstances. He was under no hard necessity to have recourse to the company, directly or indirectly. The fact that his interest was not, as between him and the company, affected by the condemnation proceedings, and that the award was to the mortgagors, did not bar him from recourse for satisfaction of his mortgage to the money, though, by the award, it was payable to the mortgagors. As before stated, it appears clearly that the award was for the whole value of the land taken and damages to the rest of the mortgaged premises. Where the mortgaged premises are *Page 389 
converted into money, the rights of the mortgagee remain unaltered and he is entitled to the money as an equivalent for the land."
The court of errors and appeals, in unanimously affirming the decree of the court of chancery, said that primarily and in law the fund belongs to the owners who had by notice been made parties to the condemnation proceeding, but then asserted (at p.371):
"But equity does not stop with a recognition of these bare legal rights. The money has taken the place of the land, and, in conscience, it is regarded as being subjected to responsibility for the claims of all persons interested in the land. Wheeler
v. Kirtland, 12 C.E. Gr. 534."
See, also, In re Falk Realty Co., 120 N.J. Eq. 10.
In the instant case the defendant Simon, who was at the outset a party to the condemnation proceedings and acquiesced in the award of the commissioners, has raised no objection to the award of the commissioners nor to the amount fixed by the jury represented in the circuit court judgment, but contends that having become vested with the title to the land condemned through foreclosure of her mortgage, she is entitled to the payment to her of the amount of such judgment because, as the court of errors and appeals stated in Bright v. Platt, supra (at p.372), "it is the plain duty of the court to dispose of the fund in the same manner as it would have disposed of the land for which the fund is substituted."
The defendants Bigler, at the time when the complainant endeavored to pay the judgment and take title and possession of the property clear of all encumbrances, had been divested of all their title through the proceedings in foreclosure. The defendant Simon seeks to impress a trust upon the fund tendered by complainant in satisfaction of the judgment entered in the circuit court. I have reached the conclusion that the defendant Simon is entitled to have paid to her the amount of the judgment entered in the circuit court, with interest thereon to the date of the filing of the bill herein, upon condition, however, that she convey the lands so condemned *Page 390 
to the complainant free and clear of encumbrance. I see no purpose, in view of the issuance of the execution and the levy by the sheriff upon the money of the park commission sufficient to pay this judgment, to direct its payment into this court. The sheriff may receive the money from the bank and pay it to the defendant Simon in satisfaction of this judgment.
I have considered the contention of the defendant Judge Varbalow that he is entitled to a lien upon said fund. There was no effort made at the hearing of this cause to prove the claim for $4,001.68 set forth in a notice given to the complainant in 1931, and the only proof of any claim on his behalf is that contained in the testimony of defendant George E. Bigler concerning an agreement which had been entered into by him and his wife, with Judge Varbalow, which agreement was offered in evidence and reads as follows:
"To Joseph Varbalow, Esquire:
We hereby authorize you to proceed to the collection of a judgment recovered by us on January 10th, 1930, in the Camden County Circuit Court against the Camden County Park Commission for $10,165.00, and agree to pay you for your services in said matter as follows:
The amount received on account of said judgment is to be divided on the following basis:
Fifty percent (50%) thereof to Joseph Varbalow
Fifty percent (50%) to Clara R. Bigler.
 CLARA R. BIGLER GEO. E. BIGLER
Dated — Camden, New Jersey, October , 1936."
In view of the proof respecting the claim of Judge Varbalow, his right to participate in the fund in suit arises out of such award, if any, as should be made herein to the Biglers. Mrs. Simon is not a party to, nor affected by, the agreement between Judge Varbalow and his clients; nor do I consider that his claim is entitled to be regarded as a lien against the fund.
A decree will be advised in accordance with these conclusions. *Page 391