The bill of complaint in this case is one of interpleader. Vice-Chancellor Bigelow advised an order to show cause returnable on November 18th, 1946, and restrained the defendants from proceeding with their actions at law. The parties appeared before me on December 2d 1946.
It appears from the bill of complaint that the complainant, a non-resident, is the owner of certain premises in Hopatcong Borough which she agreed to sell to Dr. Ralph G. Ginter. A dispute has arisen between two real estate brokers, who are the defendants, as to who is entitled to the commissions as a result of the sale. *Page 243 
Complainant alleges that she is willing to pay the commissions amounting to $1,225 to the broker entitled thereto and offers to pay that amount into court for the reason that she is unable to determine to whom the commissions rightfully belong.
The defendant Theodore Rossy has begun suit against the complainant for his commissions in the Sussex County Court of Common Pleas. The other defendant, Beatrice Brady, has threatened to bring suit for the collection of her commissions.
The solicitor for Mr. Rossy, on December 2d, moved to strike out the bill of complaint for the reason that it discloses no cause of action in that (a) the allegations set forth in the bill do not constitute facts sufficient to support a bill of interpleader; (b) that the defendant Theodore Rossy and the defendant Beatrice Brady do not claim the same fund or debt, which is a prerequisite to the right to file a bill of interpleader; (c) that the third paragraph of the complainant's bill clearly establishes an independent and separate obligation to the defendant Beatrice Brady, which precludes the complainant's right to file a bill of interpleader; (d) that complainant does not occupy the position of an innocent stake-holder, which is a prerequisite of the right to file a bill of interpleader.
It seems to me that the procedure followed by this defendant is improper. A defendant may move to strike out a bill of interpleader only when it shows on its face that it is not a proper case to interplead. If the bill shows such proper case the practice is for the defendant by answer to deny the allegations of the bill or to "set up distinct facts in bar of the suit, and such issue is to be tried according to the practice of the court." Williams v. Matthews, 47 N.J. Eq. 196, 198; Story Eq.Pl. (9th ed.), § 297a.
The bill of complaint in this case on its face shows a proper case for interpleader. The defendant appears to be confused as to the nature of the remedy in the case here presented. The decree of interpleader depends upon the court's determination after final hearing. Defendant seems to be of the opinion that if the bill of complaint survives the motion to *Page 244 
strike it out that the next step in the cause is the contest between the defendants over their respective claims. This is not so. "The only decree to which complainant is entitled is, that the bill was properly filed; that he pay the money into court, and be dismissed with his costs. The defendant in that bill may answer and deny his right to such decree. The court, after the decree, proceeds to determine the controversy between the defendants, and for this purpose either directs an action to be brought, or an issue to be tried at law, or a reference to a master." Hall v. Baldwin, 45 N.J. Eq. 858, 865. Such decree, as between the complainant and defendants is final, but as between the rival defendants, it is merely interlocutory, and "decrees the defendants to interplead and determine in this suit, in the further progress thereof, their conflicting claims to the sum in question." National Bank of New Jersey v. White,93 N.J. Eq. 109, 111.
Rule 71 of this court supports the foregoing. It states in part: "Defendants shall not plead to bill of interpleader except to contest the complainant's right to relief." See Stevens v.Robinson, 94 N.J. Eq. 30, 31. Since the defendant is contesting the complainant's right to relief he should do so by answer to the bill and not by a motion to strike. The motion to strike, therefore, is denied.
The defendant Rossy also moved to compel complainant to give security for costs in accordance with the statute. Complainant, who is a non-resident, will be directed to give such security.
No affidavits were presented on behalf of defendants relative to the restraints imposed in the order to show cause. The restraints, therefore, will be continued until final hearing. *Page 245