The bill of complaint shows that complainant, a corporation of this state, engaged in operating a storage warehouse in Jersey City, accepted certain chattels for storage from Essie Keller, then the wife of Samuel Keller, and issued to her its non-negotiable warehouse receipt therefor; that subsequently Samuel Keller served notice on complainant that he and not Essie Keller held title to said chattels and further notified complainant not to deliver the chattels to her; that while conferences over ownership of the chattels were being held with complainant by representatives of the two claimants *Page 32 
and complainant was awaiting the outcome of such negotiations, Joseph J. Perlstein (who had married Essie Keller and claimed she had assigned to him her interest in the chattels) instituted a replevin action in the Hudson Common Pleas against complainant wherein the sheriff of Hudson County seized said chattels and delivered them to Perlstein, taking a replevin bond from him. Thereafter Samuel Keller instituted suit in our Supreme Court against complainant and others for failure to deliver said chattels to him. Complainant being named as defendant in two suits, in both of which the true ownership of the chattels is involved, having no interest in such ownership, being unable to determine the rightful owner of the chattels and therefore unable to properly defend either of the two suits brought against it, instituted this action, apparently under the provisions of R.S.57:1-20, against Essie Keller, Samuel Keller and Perlstein wherein complainant calls on those defendants to interplead as to their rights in said chattels and upon procuring those defendants to interplead it prays that it be discharged from all liability to them. The bill contains prayers that said defendants be restrained from proceeding with their actions against complainant and that subpoena to answer issue against them.
On filing the bill an order issued directing defendants to show cause why they should not be restrained according to the prayer of the bill and in the meantime restraining Perlstein and Samuel Keller from proceeding with their actions at law against complainant. Before the return day of the order the bill was, on complainant's motion, dismissed as to Essie Keller and on the return day appearance was made for defendants Perlstein and Samuel Keller. No motion to strike the bill was made but on behalf of the defendants opposition was presented to granting an order directing them to interplead, it being contended that the bill should be dismissed on the ground that for various reasons stated of fact and law, complainant is not entitled to call on the defendants to interplead. No affidavits were presented by defendants relative to the restraints imposed by the order to show cause.
On the argument on the return of the order to show cause the merits of complainant's right to call on the defendants to *Page 33 
interplead were discussed and the law involved was argued at considerable length by counsel for the parties and such argument shows that the questions presented are certainly most debatable. I think the bill shows a cause of action for interpleader on which complainant is entitled to a hearing. It being clear that the complainant has no interest whatever in the chattels and is a wholly innocent party in the controversy over their ownership, which controversy is solely between defendants, it does not seem equitable that complainant on the facts alleged in the bill should be left to the vexation and expense of defending two suits brought against it which involve the question of title in which it has no personal interest and in which suits two juries may reach different conclusions. Leber v. Ross, 92 N.J. Eq. 535;The Trust Company of New Jersey v. Biddle, 112 N.J. Eq. 347;Camden Safe Deposit, c., v. Barbour, 117 N.J. Eq. 401.
However that may be, when a bill of interpleader shows on its face facts on which the complainant may be entitled to require the defendants to interplead with regard to the fund or thing in question, the right of complainant to the decree he seeks, if contested, cannot be determined on the return of an order to show cause. The proper practice is for an objecting defendant to answer the bill denying its allegations or setting up distinct facts in bar of complainant's alleged cause of action. On final hearing the only proper decree will be that the defendants interplead, or that the bill be dismissed. Wakeman v.Kingsland, 46 N.J. Eq. 113; Williams v. Matthews, 47 N.J. Eq. 196; Stevens v. Robinson, 94 N.J. Eq. 30; Equitable LifeAssurance Society v. Kelsey, 124 N.J. Eq. 38; Phillips v.Brady, 139 N.J. Eq. 242; Chancery Rule 71.
The complainant should issue subpoena to answer to all defendants (the bill names the sheriff of Hudson County as a defendant) and bring the cause on for final hearing. In the meantime the restraint contained in the order to show cause will be continued. Ireland v. Kelly, 60 N.J. Eq. 308; County ParkCommission, c., v. Bigler, 122 N.J. Eq. 74; Phillips v.Brady, supra. *Page 34