The main issue before the court is whether under the present rules governing civil practice in the Superior Court a defendant in an interpleader suit may file a counterclaim against the plaintiff on an independent liability.
On June 16, 1948, the plaintiffs, Jersey Insurance Company of New York and American Equitable Assurance Company, by their agent, Harry Christine, each issued a fire insurance policy in the amount of $5,000, of which $2,500 covered a building and $2,500, bar and restaurant furniture, *Page 579 
fixtures and equipment therein contained, owned by the defendants, John Altieri and others, individually and trading as Altieri's Restaurant. The policies were for a term of one year from June 16, 1948, and loss, if any, was made payable to the defendants, Waldo J. Dittmar and others as mortgagees. The policies contained the standard mortgagee clause, naming the Dittmars as mortgagees "as their interest may appear." The Altieris were indebted to the Dittmars in the sum of $28,000 secured by a mortgage on the real property and a chattel mortgage on the personal property, both dated June 7, 1946.
On July 22, 1947, the defendant, Washington Trust Company, hereinafter referred to as "the bank," lent the sum of $9,000 to the Altieris, secured by chattel mortgages covering goods and chattels contained in the building.
The real estate mortgage and the chattel mortgages contained the usual covenant that the mortgagors would keep the property insured against loss or damage by fire. The bank did not have an insurance policy or certificate of insurance protecting its interest, but on January 22, 1949, it secured from the same Harry Christine, agent for the plaintiffs and also a director of the bank, endorsements on the abovementioned fire insurance policies, which, it is alleged, were intended to cover the interest of the bank as mortgagee of the chattels. The endorsements were on forms denominated "New Jersey Standard Mortgagee Clause (for use in connection with Mortgage interest in Real Estate)" and provided for payment of loss to "Washington Trust Company of Washington, N.J., as their interest may appear."
On March 16, 1949, the property was totally destroyed by fire and the full sum of the policies, namely $5,000 each, became due and payable. On that date there was due to the Dittmars on their real estate and chattel mortgages a sum greatly in excess of the insurance proceeds, namely, $24,500, together with interest, and there was due to the bank $7,931.09, with interest.
The plaintiffs have filed a complaint of interpleader, praying,inter alia, that the defendants interplead and settle among *Page 580 
themselves their respective rights to the proceeds of the insurance, that the defendants be restrained from instituting any proceedings to recover the proceeds of the respective insurance policies, and that the plaintiffs be discharged from all liability to the defendants. The moneys due under the policies have been deposited with the Clerk of this Court, and an order has issued directing the defendants to show cause why the relief sought by the plaintiffs should not be granted.
The Dittmars have filed an answer and a cross-claim, claiming the full sum of $10,000, and have moved for summary judgment in their favor. The bank has filed an answer demanding that the complaint be dismissed and has made application for leave to file a counterclaim against the plaintiffs, the object of which is to reform the endorsements on the policies so that the proceeds thereof to the extent of the amount due the bank shall be payable to it.
The issues before the court are: (1) Is the plaintiffs' complaint of interpleader maintainable, (2) may the bank file a counterclaim against the plaintiffs and (3) are the defendants Dittmars entitled to summary judgment.
The bank argues that the plaintiffs are not entitled to maintain a complaint of interpleader, because they are under an independent liability to it. Prior to the adoption of the rules governing civil practice in the Superior Court, one of the essential requirements to sustain a bill of interpleader was that the plaintiff be under no independent liability to either of the defendants. Westwood Ford Sale Service, Inc., v. Blumenberg,142 N.J. Eq. 82 (Ch. 1948). Republic Casualty Co. v.Fischmann, 99 N.J. Eq. 758 (Ch. 1926). Furthermore, the rule was that a cross bill or counterclaim could not be filed against a complaint of interpleader, because the plaintiff was entitled to be dismissed with his costs upon the payment of the money into court, and thereafter the court proceeded to determine the controversy between the defendants. Such a decree as between the plaintiff and the defendants was final, but as between rival defendants, it was merely interlocutory, and required the defendants to interplead and litigate their conflicting claims.Wakeman v. Kingsland, *Page 581 46 N.J. Eq. 113 (Ch. 1889). Phillips v. Brady, 139 N.J. Eq. 242
(Ch. 1946).
Under the former practice, on the facts of the instant matter, the complaint would have been dismissed. The claim of the bank against the plaintiffs does not arise from the policies as originally written, but from an alleged independent liability arising out of the negligence of plaintiffs' agent in issuing real estate mortgagee endorsements, rather than endorsements to protect the bank's chattel mortgage interest.
Under the present practice, Rule 3:22 should be read in conjunction with Rule 3:1-2, which provides that "The rules shall be construed to render the civil practice just and simple and to prevent unjustifiable expense and delay." Rule 3:22 provides:
"Rule 3:22. Interpleader. Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that he is not liable in whole or in part to any or all of the claimants. A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim. The provisions of this rule supplement and do not in any way limit the joinder of parties permitted in Rule 3:20."
Therefore, the bank may file its counterclaim against the plaintiffs. The bank's asserted cause of action may be independent of the fund in court, and the liability of the plaintiffs to the bank, if any, may be established apart from the policies in question. The plaintiffs should file their answer to the counterclaim and the suit proceed as though it had been instituted by the bank against the plaintiffs.
If the practice existing prior to the adoption of the new rules were to be followed, it would be necessary to dismiss plaintiffs' complaint and by reason thereof two suits would result, one by the Dittmars under the policies and the other by the bank against the plaintiffs for reformation and for the establishment of its alleged cause of action, based on the negligence of plaintiffs' agent. It is certainly within the *Page 582 
spirit of the rules to avoid the plurality of suits if in the pending proceeding all claims can be litigated.
No claim adverse to the Dittmars has been made in so far as the $5,000 proceeds of insurance on the building is concerned. Regarding the $5,000 covering personal property, there seems to be a dispute of fact between the Dittmars and the bank, which requires the submission of proofs at final hearing. The Dittmars claim that they have a prior and superior equity because their chattel mortgage antedated the chattel mortgages to the bank, and that the policies provided that the loss be payable to them. The bank, however, claims that its chattel mortgages covered articles of personal property which were not covered by the chattel mortgage to the Dittmars. Since no determination on disputed facts can be made on motion, summary judgment cannot be granted with respect to the $5,000 covering personal property. However, there being no adverse claim to the moneys covering the loss on the building, the Dittmars are entitled to summary judgment for the proceeds of the insurance policies covering the real estate.
Judgment accordingly.